This was an action for the foreclosure of two mortgages executed by the defendants, R. J. Thompson and his wife, Ella Carter Thompson, to secure their notes recited therein and owned by the plaintiffs. The action was begun on 21 December, 1927, and was tried at June Term, 1930, of the Superior Court of Lenoir County. There was a judgment for the plaintiffs and a decree for the sale of the lands described in the mortgages. The sale made pursuant to the decree has been confirmed. The proceeds of the sale were not sufficient in amount for the satisfaction of the judgment.
During the pendency of the action, on the motion of the plaintiff, an order was made therein by Hon. Henry A. Grady, resident judge, appointing a receiver, who was authorized to take possession of the lands described in the complaint, and to rent the same for the year 1928. The appointment of the receiver was to be effective upon his filing a bond in the sum of $300.00, for the faithful performance of his duties. It was provided in said order that "If the defendants file a like bond in the sum of $300.00, for the payment of all damages that may be recovered for rents and profits in this action, within 10 days, then this order for a receiver shall be of no effect. At the end of the year 1928, if this action is not tried, then a new bond is to be fixed by the judge having jurisdiction." This order is dated 16 February, 1928.
Pursuant to this order, defendants filed a bond in the action dated 20 February, 1928, in the sum of $300.00, payable to the plaintiffs. The condition of this bond is as follows:
"The condition of the above obligation is such that whereas the above named A. L. Cavenaugh et als., have brought suit to foreclose a mortgage on property belonging to R. J. Thompson and have asked that a receiver be appointed for the same. On motion, Hon. Henry A. Grady, resident judge, has ordered that the defendants give bond in the above amount in lieu of a receivership;
Now, therefore, the condition of the above obligation is such that the sureties agree to pay any damage up to $300.00 that may be recovered for rents and profits in the above set out action; otherwise, this obligation to be void."
The foregoing bond was signed by the defendants, R. J. Thompson, Ella Thompson and Z. J. Quinn.
On 4 December, 1928, it was made to appear to the court that the action had not been tried, but was still pending. It was thereupon ordered, on motion of plaintiffs that "defendants on or before 10 December, 1928, executed a bond in the penal sum of $300.00 conditioned *Page 471 
to pay to the plaintiffs rent for the lands described in the complaint in this cause in a sum not exceeding $300.00 and in the event that said bond is not given, it is ordered and adjudged that Murphy Thigpen be and he is hereby appointed receiver, to take charge of the lands described in the complaint in this cause, and rents therefor, and to pay the same out under the orders of the court."
No bond was filed pursuant to this order. The receiver appointed therein did not take possession of the land, or rent the same for the year 1929. After the lands described in the complaint were sold under the decree of foreclosure, and it was ascertained that the proceeds of said sale were not sufficient to satisfy the judgment, plaintiffs moved for judgment in this action on the bond dated 16 February, 1928. This motion was called for hearing at February Term, 1931, of the Superior Court of Lenoir County. At this hearing, the reasonable rental value of the lands for each of the years 1928, 1929 and 1930 was found by a jury to be $100.00.
Upon this finding it was ordered and adjudged that plaintiffs recover of the defendants, R. J. Thompson, Ella Thompson and Z. J. Quinn, the sum of $300.00 for rents and profits for the land described in the complaint for the years 1928, 1929 and 1930.
From this judgment, the defendant, Z. J. Quinn, appealed to the Supreme Court.
The appellant, Z. J. Quinn, contends that as surety on the bond for $300.00, dated 20 February, 1928, he is liable only for the rent for the year 1928, and that he is not liable for the rents for the years 1929 and 1930. He assigns as error the judgment that plaintiffs recover of him as surety on the bond the sum of $300.00 for the rents for the years 1928, 1929 and 1930. This assignment of error is sustained.
The bond dated 20 February, 1928, was executed and filed pursuant to the order dated 16 February, 1928. The order was made on motion of the plaintiffs to secure the rent for the year 1928 and expressly provided that at the end of that year, a new bond for the rents and profits should be given by the defendants, and that upon their failure to give such bond, a receiver should be appointed by the judge having jurisdiction. The bond executed by the appellant and the order pursuant to which it was filed, must be construed together in order to determine the liability of the obligors. As thus construed, the appellant is liable only for the rent for the year 1928. He is not liable for the rent for the years 1929 and 1930. There is error in the judgment. It is
Reversed. *Page 472