SARAH MYERS v. R. A. BARNHARDT ET AL.

(Filed 8 January, 1932.)

1. **Criminal Law K b—Suspended judgments and executions are permissible under our practice.**

   The practice of suspending judgments or staying executions in criminal prosecutions upon terms that are reasonable and just is established as a part of our permissible procedure, and while the court may direct that the defendant be released from custody upon the condition that the defendant execute a bond securing the payment of a certain sum to the prosecutrix injured by his criminal negligence, the payment of the sum specified may not be enforced by the execution of the prison sentence on account of the constitutional provision against imprisonment for debt, but. the judgment is not void, it not being alternative or conditional.

2. **Same—Held: nonsuit was improperly entered in civil suit on bond filed under the provisions of a judgment suspending execution.**

   Where in a criminal prosecution judgment is entered sentencing the prisoner to jail for a specified period with the provision that he be released from custody upon condition that he file a bond securing the payment of a certain sum in monthly installments to the prosecutrix injured by his criminal negligence, with a further understanding that the prosecutrix should take a nonsuit in a civil action for damages then pending: *Held*, in a civil action by the prosecutrix on the bond, the granting of the defendant's motion as of nonsuit is error, the bond being founded upon a valid judgment, and is binding if the condition is lawful and the consideration is proper, but it should be determined whether the bond was given as a ransom for the defendant's freedom, in which case it could not be enforced. Art. I, sec. 35.

APPEAL by plaintiff from *Warlick, J.,* at June Term, 1931, of FORSYTH.

Civil action to recover on a bond given to the plaintiff by the defendants.

At the June Term, 1927, Forsyth Superior Court,. R. A. Barnhardt was convicted of an assault with a deadly weapon upon the plaintiff. The following is the pertinent part of the judgment entered therein:

"It is ordered and adjudged that the defendant pay a fine of $250 and the cost in this case, and the cost in Nos. 523 and 558, and be confined

in the county jail for a term of two years, to be assigned to work on the public roads of Forsyth County.

"It appearing to the court that Mrs. Sarah Myers, State's witness, was seriously injured, to the extent that she is now unable to support herself and make provision for her own necessity, because of the fact that she was run over by the defendant and injured, it is further ordered that upon the payment of the cost in the three cases above set out, and the fine imposed in this case, and the payment into court of the sum of $50.00 for the benefit of Mrs. Myers, he may be released from custody conditioned upon the defendant filing a bond to be approved by the clerk of this court in the sum of $2,500, that he will on the first day of July, and on the first day of every month thereafter until the full sum of $2,500 has been paid, pay the sum of $50 into the office of the clerk of this court for the benefit of Mrs. Sarah Myers or her legal representative and that he will not operate an automobile for a term of two years from the first day of this term. Upon the defendant's failure to file the bond as above set out not later than 27 June, 1927, the clerk is ordered instanter to issue *capias* for the arrest of the defendant that this judgment be carried out."

Pursuant to the judgment entered as above indicated, a bond was executed by the defendants to "Sarah Myers of Forsyth County, her heirs and assigns, for the payment to her of the sum of $2,500," conditioned as follows:

"Now, therefore, if the said R. A. Barnhardt shall well and truly pay into the clerk's office of Forsyth County for the benefit of Sarah Myers or her legal representatives the sum of $2,500, the same due and payable as follows: $50.00 on 1 July, 1927, and $50.00 on the 1st of each and every month thereafter until the entire sum, together with the $50.00 this day paid, shall amount to $2,500, then this bond shall be null and void, otherwise to remain in full force and effect."

The defendant Barnhardt made payments to the clerk for plaintiff's benefit, to the amount of $1,350, leaving a balance of $1,150 now due and unpaid, for the collection of which this suit is brought.

There was evidence on behalf of the plaintiff tending to show that the judgment in the criminal action was entered with the consent of counsel for the defendant therein and counsel appearing with the solicitor for the private prosecution, with the further understanding that Sarah Myers should take a nonsuit in the civil action for damages then pending in the county court, which was done.

From a judgment of nonsuit, the plaintiff appeals.

*Parrish & Deal for plaintiff.*
*Self, Bagby, Councill, Aiken & Patrick for defendants.*

STACY, C. J. The practice of suspending judgments in criminal prosecutions, upon terms that are reasonable and just, or staying executions therein for a time, with the consent of the defendant, has so long prevailed in our courts of general jurisdiction that it may now be considered established, both by custom and judicial decision, as a part of the permissible procedure in such cases. *S. v. Edwards,* 192 N. C., 321, 135 S. E., 37; *S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011.

It has been held that a court "may suspend judgment upon the understanding that a defendant will compensate an injured party by the payment of money, but it adds no force to such a condition to make it a matter of record. The collection of such damages cannot be enforced by imprisonment without coming in conflict with the constitutional inhibition against imprisonment for debt." *S. v. Whitt,* 117 N. C., 804, 23 S. E., 452. In such case, "the only redress open to the State is in the enforcement of the securities taken, so far as they can be made available." *S. v. Warren,* 92 N. C., 825.

So, in the instant case, while the condition of payment to the plaintiff upon which the defendant, R. A. Barnhardt, was "released from custody," may not, upon breach of said condition, be enforced by execution of the prison sentence entered in the criminal action, nevertheless, if the condition be lawful and the consideration proper, any bond, or security, taken for its performance, or assurance, may be made available to those in whose behalf it was given. *Johnson v. Pittman,* 194 N. C., 298, 139 S. E., 440.

"The principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reasons on which that doctrine rests"—*Mr. Justice Butler* in *Twin City Pipe Line Co. v. Harding Glass Co.,* 283 U. S., 353, 75 L. Ed., 1112.

There is nothing in the case which perforce savors of stifling a criminal prosecution. *Aycock v. Gill,* 183 N. C., 271, 111 S. E., 342. Everything that was done had the sanction and approval of the court. Anson on Contract, 301; *Maloney v. Nelson,* 42 N. Y. Supp., 418, affirmed on appeal, 158 N. Y., 351, 53 N. E., 31.

Nor is the bond in suit founded upon a judgment void for alternativeness. *S. v. Schlichter,* 194 N. C., 277, 139 S. E., 448, and cases there cited. Though the decision in *S. v. Bennett,* 20 N. C., 170, might lend color to this view. It is conceded that an alternative or conditional judgment is void, whether rendered in a criminal prosecution or a civil action. *Flinchum v. Doughton,* 200 N. C., 770; *S. v. Jaynes,* 198 N. C., 728, 153 S. E., 410; *Lloyd v. Lumber Co.,* 167 N. C., 97, 83 S. E., 248;

*Strickland v. Cox,* 102 N. C., 411, 9 S. E., 414. The form of the judgment was not debated in *Cavenaugh v. Thompson,* 201 N. C., 469.

If it should be determined, however, that the bond in question was given as a ransom for the defendant's freedom, it could not be enforced under the principles announced in *Johnson v. Pittman, supra; Aycock v. Gill, supra; Corbett v. Clute,.* 137 N. C., 546, 50 S. E., 216, and *Comrs. v. March,* 89 N. C., 268. Const., Art. I, sec. 35. "Neither the good intentions of the prosecutor and defendant, nor the approval of the judge, can avail if, in fact, the consideration for the agreement was illegal"—*Stirling, J.,* in *Windhill Local Board v. Vint,* 45 Ch. D. (C. A.), 351.

On the other hand, it would seem that the defendants are in no position to complain at the civil liability voluntarily assumed under the bond, if, by executing it, they thereby induced the plaintiff to forego her rights in the civil action for damages then pending. *Keir v. Leeman,* 6 Q. B. (Eng.), 321; Anson on Contract, 301.

New trial.