STATE v. J. L. HENDERSON.

(Filed 31 October, 1934.)

1. **Criminal Law ,K b: Husband and Wife G d—Right to suspend judgment is established by decisions, and is authorized by statute for abandonment.**

   The practice of suspending judgments or staying executions in criminal prosecutions upon reasonable and just terms, with the consent of defendant, is established by custom and judicial decision, and in prosecutions for abandonment has received express legislative sanction.   C. S., 4449.

2. **Same—Defendant may not challenge terms upon which judgment was suspended upon State's motion that judgment be executed for his failure to comply therewith.**

   Where a defendant in a prosecution for abandonment accepts the terms upon which judgment is suspended, and does not object or appeal on the ground that terms are indefinite, he may not thereafter challenge the validity of the terms upon motion of the solicitor that the judgment be executed for his failure to comply with the conditions upon which the execution of the judgment was suspended.

3. **Criminal Law K b—**

   If the conditions upon which the execution of a judgment in a criminal prosecution is suspended are void, the judgment is at all times enforceable, if they are valid defendant cannot resist enforcement of the judgment upon his failure to comply with the conditions.

4. **Husband and Wife G d—**

   A subsequent decree of divorce does not affect a prior judgment against the husband for abandonment of his wife, or the conditions upon which such judgment is suspended.

APPEAL by defendant from *Harding, J.,* at April Term, 1934, of RANDOLPH.   Affirmed.

At September Term, 1931, of the Superior Court of Randolph County the defendant J. L. Henderson was tried on an indictment in which he was charged with the wilful and unlawful abandonment of his wife,

without making provision for her adequate support.　C. S., 4447.　On his conviction, judgment was rendered as follows:

"It is adjudged by the court that the defendant be confined in the common jail of Randolph County for a period of 12 months, and assigned to work upon the public roads of the State under the control of the State Highway Commission, pursuant to the provisions of chapter 145, Public Laws of 1931.

"This judgment is suspended on condition that the defendant pay into the office of the clerk of the Superior Court of Randolph County the amount of $15.00 per month for the use and benefit of Mrs. J. L. Henderson, on or before the 12th day of each month, and further, that he pay the costs of the action."

The defendant accepted the conditions on which the judgment was suspended.　He paid the costs of the action, and paid the sum of $15.00 into the office of the clerk of the Superior Court, for the use and benefit of Mrs. J. L. Henderson, each month until December, 1933.　He did not pay said sum for the month of December, 1933, and has not paid said sum for any month since December, 1933.

At April Term, 1934, the defendant was arrested under a *capias* issued on the motion of the solicitor for the State that he be confined in the common jail of Randolph County under the judgment rendered in the action at September Term, 1931.

At the hearing of the motion of the solicitor, the court found that, at November Term, 1933, of the Superior Court of Alamance County, in an action brought by the defendant in said court against his wife, the bonds of matrimony theretofore existing between them were dissolved by a judgment of divorce on the ground that the defendant and his wife had lived separate and apart from each other for more than two years immediately preceding the commencement of the action.　Chapter 163, Public Laws of N. C., 1933.　The motion of the solicitor was allowed.

From the order of the court that the defendant be committed to the common jail of Randolph County, under and pursuant to the judgment in this action at September Term, 1931, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Long & Long for defendant.*

CONNOR, J.　In *Myers v. Barnhardt,* 202 N. C., 49, 161 S. E., 715, it is said:

"The practice of suspending judgments in criminal prosecutions, upon terms that are reasonable and just, or staying executions therein for a

time, with the consent of the defendant, has so long prevailed in our courts of general jurisdiction that it may now be considered established, both by custom and judicial decision, as a part of the permissible procedure in such cases. *S. v. Edwards,* 192 N. C., 321, 133 S. E., 37; *S. v. Everitt,* 164 N. C., 399, 79 S. E., 274; *S. v. Hilton,* 151 N. C., 687, 65 S. E., 1011."

This practice has not only been established by custom and judicial decision, it has received express legislative sanction with respect to judgments in criminal actions in which defendants have been convicted of abandonment. C. S., 4447. It is provided by statute that "upon any conviction for abandonment, any judge, or any recorder having jurisdiction thereof, may in his discretion make such order as in his judgment will best provide for the support, as far as may be necessary, of the deserted wife or children, or both, from the property or labor of the defendant." C. S., 4449.

In the instant case the effect of the order contained in the second paragraph of the judgment was merely to suspend the execution of the judgment so long as the defendant complied with the conditions therein imposed by the court and accepted by the defendant. *S. v. Vickers,* 196 N. C., 239, 145 S. E., 175. The defendant did not object to the order on the ground that the conditions were indefinite, or appeal from the order to this Court, as did the defendant in *S. v. Vickers, supra.* Having accepted the conditions, and undertaken to comply with them, he cannot, after his failure to comply with the terms on which the execution of the judgment was suspended, challenge their validity. *S. v. Burnette,* 173 N. C., 734, 91 S. E., 364. Indeed, if the conditions are void, as now contended by the defendant, the judgment has at all times been enforceable; on the other hand, if the conditions are valid, the defendant having failed to comply with them, cannot resist the enforcement by the court of the judgment that he be confined in the common jail of Randolph County for a period of twelve months. In either event there was no error in the order of Judge Harding, unless, as contended by the defendant, he was relieved of both the conditions and the judgment at September Term, 1931, by the judgment of divorce at November Term, 1933, of the Superior Court of Alamance County. Neither the judgment rendered in this action nor the conditions on which the execution of the judgment was suspended are affected by the judgment of divorce. See *Howell v. Howell,* 206 N. C., 672, 174 S. E., 921.

Whether the judge, at April Term, 1934, had the power in his discretion to modify the conditions on which the execution of the judgment rendered at September Term, 1931, was suspended, on the facts found by him, is not presented on this appeal. Having found that the defendant had failed to comply with these conditions, the judge had the power

to order that the judgment be enforced.  *S. v. Strange,* 183 N. C., 775, 111 S. E., 350.  The divorce of the defendant from his wife, subsequent to the judgment in this action, did not relieve the defendant from the judgment as a matter of law.

The order of Judge Harding is
Affirmed.