STATE v. M. N. ROGERS.

(Filed 5 June, 1942.)

**Criminal Law § 63—Judgment ordering that suspended execution be put into effect must be supported by finding that some express condition upon which the execution was suspended has been violated.**

In a prosecution for assault upon a female execution was suspended upon condition, *inter alia,* that defendant not permit any woman to reside on any farm controlled by him unless such woman dwelt with mentally competent male members of her family. *Held:* A finding to the effect that prosecutrix dwelt on defendant's farm after the entry of the judgment and that defendant frequently spent the day with her when no male member of her family was present, without a finding that she dwelt on the farm controlled by defendant without any mentally competent male members of her family, is insufficient to support the conclusion that defendant had violated this condition, and judgment that the execution be put into effect is erroneous.

APPEAL by defendant from *Warlick, J.,* at December Term, 1941, of FORSYTH.

Criminal action instituted in the municipal court of the city of Winston-Salem, on 25 July, 1941. Warrant charged that the defendant did "unlawfully and wilfully assault, beat and wound one Naomi Wheeler, a woman, she being over 18 years of age, to the great damage of the said Naomi Wheeler." The defendant pleaded guilty of the charge.

The following judgment was entered: "After hearing the evidence in this case, the defendant is adjudged guilty and sentenced to pay a fine of $15.00 and the costs, and is hereby sentenced to be imprisoned in the common jail of Forsyth County for a term of six (6) months, to be worked on the public road; execution against the person to issue on motion of the Solicitor, conditioned upon the defendant's being law-abiding and of good behavior for a period of five years; and conditioned further upon defendant having no woman (other than members of his own family) employed in his store or cafe or other place of business, where he is employed, or which he operates, and conditioned further that no woman be allowed to reside on any farm controlled by the defendant unless such woman dwell with mentally competent male members of her family."

On 26 November, 1941, a judgment was entered in the municipal court of the city of Winston-Salem, N. C., in this cause, the pertinent parts of which are as follows: "The Court finds as a fact that Naomi Wheeler was the prosecuting witness, in the case in which the judgment was entered against the defendant, and that she has lived with the defendant since said judgment was entered, that she had her clothes in the house of the defendant on the farm of the defendant, that she ate at the same place; the Court further finds that the judgment heretofore entered was written to prevent just such a situation as this and that the continued association of the defendant and the conduct of the defendant is in direct violation of said judgment; the Court further finds as a fact that defendant frequently spent the day on his farm with only Naomi Wheeler present, and when no male member of her family was present. It is, therefore, Ordered, Adjudged and Decreed by the Court and upon motion of the Solicitor that the defendant, M. N. Rogers, be confined to the common jail of Forsyth County for a period of six (6) months, to be assigned to the State Highway Commission."

Application for writ of *habeas corpus* was made 26 November, 1941.

Pursuant to a petition and writ of *certiorari,* this cause was heard before his Honor, Wilson Warlick, and the following judgment was entered: "This cause being heard before the undersigned Judge of the Superior Court for Forsyth County at the December, 1941, Term of the Court, on the application of the defendant, M. N. Rogers, for a writ of

*certiorari;* and it appearing to the Court that the findings of fact by the Municipal Court of the City of Winston-Salem, as set out in the judgment, support the conclusion of the Court that the petitioner, M. N. Rogers, violated the terms of the suspended sentence; It is, Therefore, Ordered, Adjudged and Decreed by the Court that the writ of *certiorari* is dismissed and that the judgment of the Municipal Court of the City of Winston-Salem is sustained and the action is remanded to the Municipal Court of the City of Winston-Salem for disposition in accordance with this judgment. It is Further Ordered that the writ of *habeas corpus* issued in connection herewith likewise be dismissed."

From the foregoing judgment, the defendant excepted and appealed to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Roy L. Deal, Fred S. Hutchins, and H. Bryce Parker for defendant.*

DENNY, J.   Do the findings of fact of the municipal court in the judgment of 26 November, 1941, support the conclusion of the court that the defendant violated the terms of the suspended sentence? We are of opinion they do not.   Sentence was suspended "conditioned upon the defendant's being law-abiding and of good behavior for a period of five years; . . . and conditioned further that no woman be allowed to reside on any farm controlled by the defendant unless such woman dwell with mentally competent male members of her family."

While the court finds as facts, in the judgment entered 26 November, 1941, that Naomi Wheeler has lived with the defendant since said judgment was entered; that she had her clothes in the house of the defendant on the farm of the defendant, and that she ate at the same place; that the defendant frequently spent the day on his farm with only Naomi Wheeler present, and when no male member of her family was present; the court fails to find as a fact that the defendant has violated any law or that he has not been of good behavior.   Neither does the court find as a fact that the defendant has allowed a woman to reside on any farm controlled by him and that said woman has not dwelt with mentally competent male members of her family.

To legally impose a sentence on account of the violation of a condition in a suspended judgment, the court must find as a fact that some expressed condition in the judgment has been violated.   *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593.

The findings herein are lacking in essentials to show a violation of the conditions relied on in the judgment.   Naomi Wheeler may have been residing on a farm controlled by the defendant and she may not have

dwelt on said farm with mentally competent male members of her family, but the court did not so find.

His Honor erred in sustaining the judgment of the municipal court of the city of Winston-Salem, and the judgment of the court below is

Reversed.