**UNITED STATES v. KOPPELMAN.**

No. 10185.

District Court, M. D. Pennsylvania.

Aug. 27, 1943.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for the Government.

Henry Nogi, Harold A. Scragg, and Charles P. O'Malley, all of Scranton, Pa., for defendant.

WATSON, District Judge.

Theodore Koppelman entered a plea of guilty to a criminal information containing twelve counts, charging him with various violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. He was represented by able counsel. Before entry of the plea, all the facts concerning the violations were clearly outlined to this court.

At about the time the criminal proceedings were commenced, a civil action was instituted, captioned Philip B. Fleming, Administrator of the Wage and Hour Division of the United States Department of Labor, v. Theodore Koppelman and his partners, trading as Lackawanna Pants Manufacturing Company. Before the plea of guilty was entered in the criminal case, the civil action, with the approval of this court, was disposed of by the entry of a consent judgment and a permanent injunction restraining the defendants mentioned in the civil action from further violation of the Fair

Labor Standards Act of 1938 and directing the defendants in the civil action to pay any and all amounts found by the Administrator of the Wage and Hour Division to be due to the employees of the Lackawanna Pants Manufacturing Company.

When the defendant Theodore Koppelman was called for sentence on his plea of guilty, his counsel made a vigorous plea for him and requested the court to suspend sentence and place him upon probation, inasmuch as he was satisfied that the defendant would refrain from any violations of law. This court suspended the imposition of sentence, and the defendant was placed on probation for three years. The following was a part of the sentence: "Compliance with the judgment of this Court, entered in Number 643 Civil, shall be a condition of probation."

Subsequently this defendant Theodore Koppelman, with others, was indicted in this court to Number 10786, in an indictment containing five counts, the first four of which charged the defendants therein mentioned, among whom was Theodore Koppelman, with embezzling government property, in violation of 18 U.S.C.A. § 100, and the fifth count charged a conspiracy, in violation of 18 U.S.C.A. § 88. The defendants were found guilty by a jury on counts one to four, inclusive, and, at the direction of the trial judge, not guilty on count five of the indictment. Theodore Koppelman was thereafter sentenced by the trial judge.

On August 6, 1943, the Probation Officer of this court presented his petition to the court, setting forth that the defendant Theodore Koppelman had been adjudged guilty of the crime of embezzling government property, in violation of 18 U.S.C.A. § 100, and praying that a hearing be granted to determine whether the terms of probation had been violated by this defendant, whereupon this court ordered that a hearing be held on August 9, 1943.

At the hearing it was shown that a jury, duly empaneled and sworn to try this defendant and others to Number 10786, did on June 19, 1943, return a verdict of guilty on four counts of the indictment as against this defendant. It was further shown that on July 29, 1943, Honorable Albert W. Johnson, United States District Judge for this district, passed sentence upon this defendant. It was also shown at the hearing that a Probation Form No. 7, authorized by this court, had been signed by the Probation Officer and by Theodore Koppelman when he was released on probation, which stated, inter alia, "In accordance with authority conferred by the United States Probation Law, you have been probationed on this date, April 28, 1941, for a period of three years by the Honorable Albert L. Watson, United States District Judge, sitting in and for this District Court at Scranton, Pennsylvania. It is the order of the Court that you shall comply with the following general and special conditions of probation. The general conditions are as follows: (a) Refrain from the violation of any State and Federal penal laws."

The contention of the defendant is that the only condition of probation imposed was that condition specifically noted in the sentence of April 28, 1941, and that not having failed to comply with the judgment of the court entered in Number 643 Civil, he has not failed to comply with any condition of probation, and that therefore this court is without power to revoke the probation and impose sentence on the defendant.

The condition of probation with reference to compliance with the judgment in 643 Civil was not the only condition of probation, but in fact was a minor condition added to the other conditions, which were most general. This condition was added in order that it might not be held that a failure on his part to comply with the judgment in Number 643 Civil was not an act amounting to violation of probation. The terms and conditions of probation were most general. They embraced and included Probation Form No. 7, authorized by this court, and of which the probationer was fully informed and which was in fact delivered to the defendant by the Probation Officer. One on probation is not at liberty. He is in law and in fact in the custody and under the control of the court of his probation. It is not necessary that all the conditions of probation be set out in the sentence. It is enough that it be made to sufficiently appear that the probationer has not conducted himself in accordance with his duties as a probationer. "Such procedural provisions as the act contains harmonize with the view that the continuance of the probation, as well as the grant of it, rests in the court's discretion." Burns v. United States, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266. The defendant here violated a federal penal law while on probation, and in so doing he not only violated one of the

written conditions of probation, of which he had been duly informed, but he failed to conduct himself in accordance with his duty as a probationer. My attention has not been called to a single case wherein a view was expressed contrary to that which I have expressed in this opinion, but my conclusions here are fully supported by that which was held in Dillingham v. United States, 5 Cir., 76 F.2d 35, and Burns v. United States, supra.

Now, August 27, 1943, it is ordered and decreed that the probation sentence of April 28, 1941, be and the same is hereby revoked.