## BASILE v. UNITED STATES.
### No. 176.

Municipal Court of Appeals for the District of Columbia.

July 18, 1944.

Saul G. Lichtenberg, of Washington, D. C., for appellant.

John P. Burke, Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

An employee of appellant was injured in the course of his employment, made claim for compensation under the Workmen's Compensation Law of the District of Columbia,[1] and was awarded $2,798.50 for disability benefits, plus medical expenses of $392.74, less $101.70 paid by appellant prior to the hearing, or a total of $3,089.54. In the proceedings before the Deputy Commissioner it developed that appellant had failed to carry insurance securing the payment of compensation as required by law. He did not pay the award and it was reduced to judgment in the District Court of the United States for the District of Columbia in the sum of $2,696.-

1 Code 1940, § 36—501, 33 U.S.C.A. § 901 note, making applicable to employees in the District the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

80. (The judgment did not include the medical expenses.) Thereafter appellant was charged in the criminal division of the Municipal Court with violation of the Workmen's Compensation Act in failing to provide a compensation insurance policy. On appellant's plea of guilty imposition of sentence was suspended and he was placed on probation for six months. The order of probation, in addition to general terms and conditions, contained the condition that appellant "pay restitution in the sum of $3,089.54," being the total award made by the Deputy Commissioner. Payments amounting to $146.50 were made by appellant, but efforts by the Probation Officer to obtain regular payments were unsuccessful and resulted in a motion to revoke probation. After several continuances a hearing was had and the trial court revoked probation and imposed a fine of $1,000 or in default thereof a jail sentence of 180 days. From that judgment this appeal was taken.

The sole error claimed is that the condition of probation requiring restitution was invalid. For the purpose of this appeal we assume, without so deciding, that one who has accepted probation may thereafter question the validity of a condition of the probation,[2] and that appeal on such ground may be taken from the judgment after revocation of probation rather than from the judgment of probation itself.[3]

The District of Columbia probation law [4] authorizes probation "upon such terms" as the court "may deem best." It does not limit, prescribe or suggest the conditions of probation, but requires that the probationer be provided with a written statement of the "terms and conditions" of his probation; and further provides that at any time during probation the court may modify the terms and conditions of the order of probation, or may revoke the order of probation and impose sentence. The Federal Probation Act [5] and most of the State probation laws specifically authorize restitution to aggrieved parties for loss or damage caused by the defendant's unlawful act as a condition of probation.[6]

The District of Columbia probation law was enacted in 1910. Fifteen years later the Federal probation law was enacted and Congress after authorizing the federal courts to "place the defendant upon probation for such period and upon such terms and conditions as they may deem best," added the following specific authority:

"While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation and may also be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had, and may also be required to provide for the support of any person or persons for whose support he is legally responsible." (Mar. 4, 1925, c. 521, sec. 1, 43 Stat. 1259.)

Does the fact that Congress in enacting the federal law gave specific authority to order restitution or reparation indicate that without such specific authority the court may not impose such condition? Restitution is no new practice in the administration of criminal law. Long before the enactment of the probation law for the District orders of restitution were authorized in convictions for larceny.[7] A pardon may be conditioned on restitution.[8] Restitution is considered an important factor in probation,[9] and as said before, it is usually expressly provided for in probation laws. We have reason to believe that since the enactment of our probation law it has been the practice of trial judges to order restitution as a condition of probation.

Our law reposes in the trial court a wide and general discretion as to the terms and conditions of probation. Indeed it sets no limit or restriction upon such conditions. The fact that Congress did not specifically authorize restitution as a condition of probation does not, we think, imply or indicate a lack of power in the court to impose such a condition. The specific

[2] See Ex parte McClane, 129 Kan. 739, 284 P. 365; State v. Henderson, 207 N. C. 258, 176 S.E. 758, and cf. State v. Barnett, 110 Vt. 221, 3 A.2d 521.

[3] See Toyosaburo Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497.

[4] Code 1940, § 24—101 et seq.

[5] 18 U.S.C.A. 724 et seq.

[6] See "Attorney General's Survey of Release Procedures" (1939), Vol. 2, Probation, p. 231.

[7] Code 1940, § 22—2202.

[8] Bradford v. United States, 228 U.S. 446, 33 S.Ct. 576, 57 L.Ed. 912.

[9] See Cohen, "The Integration of Restitution in the Probation Services," 34 Journal Criminal Law and Criminology, Jan.-Feb. 1944, p. 315.

power given by the federal law to require restitution or reparation was not necessarily an extension of general powers given by that act. From one view, it was a restriction of powers rather than an extension because it limited restitution or reparation within specific limits.[10] Whatever may have been the purpose of Congress in giving the specific authority under the federal law, we think that under the broad general authority given by the District of Columbia law the trial court is authorized in its discretion to order restitution or reparation as a condition of probation.[11]

A condition of probation, of course, must not be immoral, illegal or impossible of performance. The probationer is entitled to fair treatment and is not to be made the victim of whim or caprice.[12] Plainly there was nothing immoral in the condition here imposed. Neither did it contravene any principle of public policy. The Workmen's Compensation law was enacted to meet a public need and it is for the benefit of the common welfare that its provisions be enforced.[13] It was the moral and legal duty of appellant to pay the award. When the condition was imposed, appellant made no contention that it was impossible for him to comply with it, and the court gave him all possible latitude in making payment. Only after the court was convinced that appellant was not endeavoring in good faith to comply with the condition did it revoke probation and impose sentence.

Whether under our law, restitution must be limited to the loss or damage caused by the offense of which conviction was had, as specifically required by federal law, we need not decide.[14] Restitution here was confined to the loss resulting from appellant's violation of the law, with which he was charged and convicted.

Appellant argues that the condition of payment of the award was not an order of restitution, that restitution is limited to returning specific property, or its value, which has been taken from another, and that appellant had taken nothing from the employee. Restitution, however, in its broad sense is not confined to the return of something of which one has been deprived, but is synonymous with reparation and includes compensation for loss, damage, or injury done to another.

Appellant further argues that to revoke probation for failure to comply with the condition of restitution is in effect to imprison him for debt. The answer to this argument is that probation is a matter of grace and cannot be demanded of right,[15] and, whatever may be the rule under other statutes,[16] under our law it is expressly provided that no one shall be put on probation except with his consent. Thus, appellant was given the privilege of probation upon certain conditions, which he voluntarily accepted. Having failed to perform the condition imposed, probation was revoked and sentence imposed. The sentence imposed was for the offense for which he was convicted, not as punishment for his failure to obey the condition of probation.[17]

Affirmed.

[10] See United States v. Follette, D.C., 32 F.Supp. 953.

[11] See Swanson v. State, 38 Ga.App. 386, 144 S.E. 49; State v. Teal, 108 S.C. 455, 95 S.E. 69.

[12] Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.

[13] Rowlette v. Rothstein Dental Laboratories, Inc., 61 App.D.C. 373, 63 F.2d 150.

[14] See State v. Barnett, 110 Vt. 221, 3 A.2d 521.

[15] Escoe v. Zerbst, 295 U.S. 490, 55 S. Ct. 818, 79 L.Ed. 1566.

[16] See Cooper v. United States, 5 Cir., 91 F.2d 195.

[17] The Supreme Court has inferentially given its approval to the validity under the federal law of probation being conditioned upon reparation to aggrieved parties. Toyosaburo Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497; See also United States v. Koppelman, D.C., 53 F.Supp. 499; People v. Good, 287 Mich. 110, 282 N.W. 920; People v. Lippner, 219 Cal. 395, 26 P.2d 457; State v. Ray, 212 N. C. 748, 194 S.E. 472.