STATE OF NORTH CAROLINA v. JACK M. SIMMINGTON.

(Filed 21 May, 1952.)

**1. Criminal Law § 62f—**

Defendant may now appeal from an order executing a suspended sentence for condition broken. G.S. 15-200.1.

**2. Criminal Law § 76a—**

*Certiorari* lies only to review judicial or *quasi*-judicial action to correct errors of law, and cannot be used to present new matter.

**3. Criminal Law § 78b—**

Judgment entered upon the hearing on a writ of *certiorari* will be reviewed solely on the grounds set forth in the lower court.

**4. Criminal Law § 62f—**

A court has the inherent power to suspend judgment or stay execution of a sentence in a criminal case, which power was not withdrawn by the probation statute. The statute provides a cumulative and concurrent rather than an exclusive procedure. G.S., Ch. 15, Art. 20.

**5. Same—**

While a court may not compel defendant to pay the damages inflicted by his unlawful act on penalty of imprisonment, it may suspend execution of sentence on condition defendant compensate those whom he has injured.

**6. Same—**

Upon conviction of defendant for reckless driving, sentence was suspended on condition that he pay certain sums periodically for the benefit of those injured by his wrongful act. Defendant complied with a part of the conditions and then obtained *certiorari* on the ground that the court, in suspending the judgment pronounced, did not follow the procedure prescribed in the probation statute and that he was required to pay a certain sum on the date of his trial or go to jail. *Held:* The writ of *certiorari* was properly dismissed. Further, his imprisonment is for breach of the criminal law and not for failure to pay damages.

APPEAL by defendant from *Sharp, Special Judge,* October Civil Term, 1951, GUILFORD. Affirmed.

On 21 August 1951, defendant was tried in the municipal-county court of Guilford County on a charge of reckless driving. There was a verdict of guilty. The court pronounced judgment that the defendant be confined in jail for a term of six months, to be assigned to work the roads under the supervision and control of the State Highway and Public Works Commission. Execution was suspended for a term of three years upon condition that he pay into the court the sum of $711.50 for the use of named persons, said sum to be paid $60 cash and the balance at the rate of $20 per month, and that he pay the costs.

Defendant paid the costs and $60 on the day of trial. On 5 October 1951 he appeared and moved the court that he be discharged from custody and further appearance. The grounds for the motion as set out in his affidavit filed are (1) the court failed to follow the procedure prescribed by the probation statute as to investigation and the like, and (2) he was required by the judgment to pay $60 on the day of his trial "or go to jail, and was not free to exercise his own judgment in the matter." The court denied the motion and ordered the defendant into custody for failure to comply with the conditions upon which execution of the sentence imposed was suspended.

Thereafter, on application of defendant, Hatch, Special Judge, issued a writ of *certiorari*. When the cause came on for hearing on the writ, the trial judge found the facts and concluded that the conditions of the suspended judgment are valid. The writ was thereupon dismissed and the cause remanded for the enforcement of the judgment. Defendant excepted and appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*
*Stanley & Caveness for defendant appellant.*

BARNHILL, J. When the judge of the municipal-county court adjudged that defendant had breached the conditions upon which execution was suspended, his remedy as now provided by G.S. 15-200.1, was by appeal.

But he contends that his complaint is not directed to the order placing him in custody and hence this statute is not applicable. He moved to vacate the conditions imposed, and it is from the order denying this motion that he seeks relief. The only method available to him for seeking a review of that order was by petition for writ of *certiorari*. So he asserts.

We may concede the correctness of his position in this respect. Even then, the record leaves him in no position to challenge the correctness of the ruling of the court below.

A writ of *certiorari* as here used is an extraordinary remedial writ to correct errors of law. It issues from a Superior Court to an inferior court, and it lies only to review judicial or *quasi*-judicial action. *Pue v. Hood*, 222 N.C. 310, 22 S.E. 2d 896, and cases cited. Hence the only function of the court below was to determine whether the judge of the municipal-county court had committed error in denying defendant's motion for a discharge on the grounds assigned in that court. The trial judge was without jurisdiction to hear new matter or consider an attack upon the conditions imposed on any grounds other than those set out in defendant's affidavit and motion.

In his affidavit and motion, the defendant asserts as grounds for his discharge that the judge, in suspending the judgment pronounced, did not follow the procedure prescribed when a prisoner is placed on probation, and that he was required to pay $60 on the day of his trial or "go to jail, and was not free to exercise his own judgment in the matter." So far as this record discloses, he did not assail the validity of the conditions on the ground that the judgment was in effect a sentence "to pay damages or go to jail," and that his imprisonment thereunder will amount to imprisonment for debt. Hence the question he seeks to debate here was not properly before the court below and is not presented to us for decision.

A court has the inherent power to suspend a judgment or stay execution of a sentence in a criminal case. *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143, and cases cited; *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706; *S. v. Smith,* 233 N.C. 68, 62 S.E. 2d 495. The probation statute, General Statutes, Ch. 15, Art. 20, adopted in 1937, did not withdraw this authority from the courts. That Act provides a procedure which is cumulative and concurrent rather than exclusive.

While the court was without jurisdiction to compel defendant to pay the damages inflicted on penalty of imprisonment, this does not mean that it might not suspend the execution of the sentence of imprisonment on condition the defendant compensate those whom he had injured. Such disposition of the case merely gave him the option to serve his sentence or accept the conditions imposed. *S. v. Smith, supra.* If he was not content, he had the right either to reject the conditions or to appeal. *S. v. Miller, supra.*

Not having appealed, he was relegated to his right to contest the execution of the sentence for that there was no evidence to support a finding that the conditions imposed have been breached or the conditions are unreasonable and unenforceable or for an unreasonable length of time. *S. v. Miller, supra.* He elected to challenge the conditions on the grounds set forth in his affidavit. He has not made good his attack. Indeed he has abandoned his original foray and sought another "soft spot" as the point of assault. His change of tactics came too late. *Leggett v. College,* 234 N.C. 595, and cases cited.

*Myers v. Barnhardt,* 202 N.C. 49, 161 S.E. 715, is clearly distinguishable. There it appeared that the judgment in a criminal case had been suspended on condition the defendant give a bond guaranteeing the payment of damages to the injured party. The plaintiff was suing to recover on the bond. The court said—and rightly so—that the sentence could not be invoked to compel the payment of the bond. The condition on which the sentence was suspended was the execution of the bond. When the bond was executed, approved, and filed, the condition imposed was met

SMITH *v.* HEWETT and O'BRIEN *v.* HEWETT.

and the power of the court in the criminal cause terminated. Thereafter plaintiff was relegated to his right to recover on the bond.

In the final analysis defendant stood convicted of reckless driving. Apparently his unlawful use of an automobile inflicted injury upon a number of persons. The court afforded him an opportunity to escape the service of the sentence pronounced by observing the conditions imposed. He accepted. He now belatedly withdraws his acceptance and rejects the conditions. He thus furnishes the grounds for invoking the original sentence. When he is imprisoned, he will be imprisoned for his breach of the criminal law and not for the failure to pay damages.

The judgment of the court below is
Affirmed.