### STATE v. EDWARD COLLINS, JR.

(Filed 27 November, 1957)

**1. Criminal Law §§ 135, 143—**

Where the defendant accepts conditions under which sentence is suspended and undertakes to comply with such conditions, he cannot, after his breach of the conditions, challenge their validity.

**2. Criminal Law § 135—**

Upon conviction of defendant for driving on a public highway while under the influence of intoxicating liquor, suspension of execution of a road sentence on condition that defendant not be convicted of a similar offense for a period of three years, is not unreasonable or for an unreasonable length of time.

3. Same—

> Order putting into effect a suspended sentence for condition broken is punishment for the offense of which defendant had been convicted, and not for his breach of conditions of suspension.

APPEAL by defendant from *Olive, J.,* May Criminal Term 1957 of GUILFORD, Greensboro Division.

Appeal by defendant from a judgment putting into effect a suspended sentence.

*George B. Patton, Attorney General, and Kenneth Wooten, Jr., Assistant Attorney General, for the State.*
*Elreta Melton Alexander for defendant, appellant.*

PER CURIAM. At the November Term 1955 of the Guilford County Superior Court, Greensboro Division, Judge L. Richardson Preyer Presiding, the defendant pleaded guilty to a bill of indictment charging him with being the driver of an automobile involved in an accident resulting in injury to Charlotte M. Donohoe, and with failing to stop said automobile at the scene of such accident, *et cetera,* a violation of G.S. 20-166. The judgment of the court was that the defendant be confined in the common jail of Guilford County for a term of six months, to be assigned to work under the supervision of the State Highway and Public Works Commission. By consent of defendant in open court, this road sentence was suspended for a period of three years on certain conditions, one of which was that he be not convicted of a similar offense, and particularly of driving an automobile while under the influence of intoxicating liquor, for a period of three years. Judge OLIVE found as a fact that at the May Criminal Term 1957 of the Superior Court of Guilford County, Greensboro Division, over which he was the presiding judge, the defendant was convicted by a jury of driving an automobile upon a highway within the State, while under the influence of intoxicating liquor, and that defendant had violated the condition of the suspended sentence of Judge PREYER in respect to drunken driving within a period of three years from the November Term 1955 of the Guilford County Superior Court, Greensboro Division. Whereupon, Judge OLIVE activated Judge PREYER'S six months road sentence against the defendant. The defendant appealed the case of his conviction for drunken driving at the May Term 1957 of the Superior Court of Guilford County, Greensboro Division, to the Supreme Court, and the Supreme Court on this day has found no error in that trial, *ante,* 244.

The defendant consented to, and accepted the conditions upon which the road sentence was suspended by Judge Preyer,

and having undertaken to comply with them, he cannot, after his failure to do so, challenge their validity now. *S. v. Henderson*, 207 N.C. 258, 176 S.E. 758; *S. v. Anderson*, 208 N.C. 771, 182 S.E. 643; *S. v. Pelley*, 221 N.C. 487, 20 S.E. 2d 850.

The condition in Judge Preyer's judgment that the defendant be not convicted of a similar offense, and particularly for driving under the influence of intoxicating liquor, for a period of three years was not unreasonable or for an unreasonable length of time. *S. v. Wilson*, 216 N.C. 130, 4 S.E. 2d 440; *S. v. Miller*, 225 N.C. 213, 34 S.E. 2d 143; *S. v. Gibson*, 233 N.C. 691, 65 S.E. 2d 508.

When Judge Olive put into effect the road sentence of Judge Preyer, he imprisoned the defendant for his breach of the criminal law. G.S. 20-138; *S. v. Simmington*, 235 N.C. 612, 70 S.E. 2d 842.

The judgment of Judge Olive is *(S. v. Simmington, supra)*
Affirmed.