STATE OF NORTH CAROLINA v. ABRAM C. CAUDLE, III

No. 42

(Filed 13 May 1970)

**1. Criminal Law § 143— suspended sentence — right of defendant to rely on conditions of suspension**

Where a sentence in a criminal case is suspended upon certain valid conditions expressed in the sentence imposed, the defendant has a right to rely upon such conditions, and so long as he complies therewith the sentence should stand.

**2. Criminal Law § 143— consent to suspension of sentence — attack on validity of activation of suspended sentence**

A defendant who expressly or impliedly consents to the suspension upon specified conditions of an otherwise valid sentence to imprisonment may not thereafter attack the validity of an order putting such sentence into effect, entered after due notice and hearing, except (1) on the ground that there is no evidence to support a finding of a breach of the conditions of suspension, or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

**3. Criminal Law § 143— consent to suspension of sentence — attack on reasonableness of breached condition**

Defendant's consent to the suspension of a prison sentence does not preclude him from contesting the reasonableness of the condition which he has broken when such breach is made the ground for putting the prison sentence into effect. Statements to the contrary in *State v. Collins*, 247 N.C. 248, and *State v. Henderson*, 207 N.C. 258, are disapproved.

**4. Criminal Law § 143— suspended sentence — condition which violates defendant's constitutional right**

A condition which is a violation of the defendant's constitutional right, and, therefore, beyond the power of the court to impose, is *per se* unreasonable and subject to attack by the defendant upon the State's subsequent motion to put the sentence into effect for violation of that condition.

**5. Criminal Law § 143; Constitutional Law § 21— suspension of sentence — payment of obligations unrelated to the crime — imprisonment for debt**

Suspension of a sentence of imprisonment for a criminal act on condition that the defendant pay obligations unrelated to such criminal act, however justly owing, is a use of the criminal process to enforce payment of a civil obligation in violation of Article I, § 16, Constitution of North Carolina.

**6. Criminal Law § 143; Constitutional Law § 21— credit card fraud — suspension of sentence — payment of amount to bank in excess of that charged in warrant — imprisonment for debt**

Where defendant was charged in a warrant with obtaining goods and services valued at $631.78 by use of a revoked bank credit card with intent to defraud the bank of that sum, condition of suspension of the sentence

imposed upon defendant's plea of guilty of non-felonious credit card fraud that defendant make payment of $7,326.29 for use and benefit of the bank *is held* invalid, since activation of the sentence for defendant's failure to make such payment would constitute imprisonment for debt in violation of Article I, § 16, Constitution of North Carolina, it being obvious from the face of the warrant that the major part of such indebtedness was not created by the criminal acts to which defendant entered his plea of guilty.

ON certiorari, on petition of defendant, to review the judgment of the Court of Appeals, reported in 7 N.C. App. 276, 172 S.E. 2d 231.

The defendant was brought to trial in the Municipal-County Court of the City of Greensboro upon a warrant. It was charged therein that he "on or about the 17, 18 and 19th day of July, 1968, * * * did unlawfully and willfully and feloniously, and knowingly purchased goods and service, valued at $631.78, from Gate City Pharmacy [and fifteen other named business establishments] all of Greensboro, North Carolina, By use of North Carolina National Bank-Americard Number 342-120-304-239, when he knew that the said credit card had been revoked by North Carolina National Bank, and with the intent to defraud North Carolina National Bank out of the said sum of $631.78, in violation of Chapter 14, Section 113.13 (a) (1), General Statutes of North Carolina * * *."

In the Municipal-County Court, the defendant entered a plea: "Guilty Fraudulent Use of Credit Card Non Felony." The court entered judgment on 17 September 1968 that the defendant be confined in the county jail for one year, the judgment to be suspended for four years upon the following conditions:

"Pay $15.00 fine and costs. Pay into the Court the Sum of $7,326.29 for the use and benefit of North Carolina National Bank, Greensboro, N. C. Payments to be made at $200.00 per month and 1st payment to begin 11-1-68 and 1st of each month thereafter until the entire amount of $7,326.29 is paid. Shall be on a general good behavior and not violate any criminal laws of the State of North Carolina for 4 years."

The defendant paid the $15.00 fine and costs. On 2 December 1968, the case was transferred from the Municipal-County Court to the District Court of Guilford County pursuant to G.S. 7A-135. On 10 January 1969, the District Court, with the consent of the defendant, amended the judgment to provide that the payments for the benefit of the bank be made directly to it.

On 3 April 1969, the State moved for the issuance of a capias and the rendition of final judgment, filing with the motion a bill of particulars alleging the entry of the above judgment and that "de-

fendant failed to comply with said conditions in that he failed to make payments into the court as ordered and is now $820.00 in arrears."

On 5 June 1969, the District Court heard the matter and found as a fact: "The defendant wilfully failed and refused to comply with the judgment in the above entitled cause in that he wilfully violated the Terms of Suspended Sentence." It thereupon ordered the sentence placed into effect, and from that order the defendant appealed to the Superior Court of Guilford County.

On 10 September 1969, the matter came on for hearing in the Superior Court before May, J. The defendant moved in arrest of judgment on the grounds that: (1) The Municipal-County Court had no jurisdiction "to render a verdict of guilty of a misdemeanor in that the only process it had before it charged a felony;" and (2) "the warrant charges no crime in that it charges the defendant 'purchased' certain items by use of a credit card and does not charge that the items were not paid for or that anyone was actually defrauded by said 'purchases', while the crime is 'obtaining property' by fraudulent use of a credit card." Both motions were denied.

The Superior Court then conducted a "hearing de novo with respect to the revocation of the suspended sentence." It found as facts the taking of the foregoing procedural steps and that "the defendant was on the date of his hearing in the District Court several hundred dollars in arrears on the restitution payments required by the terms of his suspended sentence; that this constituted a wilful and deliberate violation of the terms of said suspended sentence and said violation was without just cause or excuse." It concluded "as a matter of law that the defendant * * * wilfully violated the terms of said sentence and the said violation was without just cause and excuse." Thereupon, the Superior Court "ratified and confirmed" the judgment of the District Court and ordered that "capias and commitment issue to the end that the active sentence be placed into effect."

The defendant appealed to the Court of Appeals assigning as error only the denial of his two motions in arrest of judgment. The Court of Appeals held that the two assignments of error are without merit, but the exception to the judgment challenges the sufficiency of the judge's findings of fact. On this point, it held the Superior Court's finding that the defendant had violated the terms of the suspended sentence and was in arrears on 3 April 1969 in excess of $800.00 is not sufficient to support its conclusion that "this constituted a wilful and deliberate violation of the terms of said suspended

sentence and said violation was without just cause and excuse." For this reason, the Court of Appeals vacated the judgment of the Superior Court and remanded the proceeding for further hearing in order that the Superior Court might determine, in its discretion, whether the failure of the defendant to make the required payments was without lawful excuse.

*Attorney General Morgan and Christine Y. Denson, Staff Attorney, for the State.*

*John W. Hinsdale for defendant appellant.*

LAKE, J.

The record presents this question: Assuming the failure of the defendant to make the payments to the bank was wilful and without lawful excuse, may the sentence to jail be placed into effect for this failure? We hold that it may not.

The Constitution of North Carolina, Article I, § 16, provides, "There shall be no imprisonment for debt in this State, except in cases of fraud." The defendant, charged with the use of a revoked bank credit card with intent to defraud the bank, entered a plea of guilty. Nothing else appearing, the foregoing provision of the Constitution would not prevent his imprisonment for such conduct. However, the court which imposed the sentence to imprisonment suspended the sentence upon three specified conditions, to which the defendant consented.

**[1-4]** "Where a sentence in a criminal case is suspended upon certain valid conditions expressed in the sentence imposed, the prisoner has a right to rely upon such conditions, and so long as he complies therewith the sentence should stand." *State v. Robinson,* 248 N.C. 282, 285, 103 S.E. 2d 376. *Accord: State v. Seagraves,* 266 N.C. 112, 145 S.E. 2d 327; *State v. Rogers,* 221 N.C. 462, 20 S.E. 2d 297. A defendant, having consented, expressly or by implication, to the suspension, upon specified conditions, of an otherwise valid sentence to imprisonment, may not thereafter attack the validity of an order putting such sentence into effect, entered after due notice and hearing, except: (1) On the ground that there is no evidence to support a finding of a breach of the conditions of suspension; or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time. *State v. Cole,* 241 N.C. 576, 86 S.E. 2d 203; *State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495; *State v. Miller,* 225 N.C. 213, 34 S.E. 2d 143. The defendant's consent to the suspension of the prison sentence does not,

however, preclude him from contesting the reasonableness of the condition which he has broken, when such breach is made the ground for putting the prison sentence into effect. *State v. Griffin,* 246 N.C. 680, 100 S.E. 2d 49. As to the right of such defendant to challenge in the subsequent proceeding the validity of the condition upon which sentence was suspended, see also: *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476; *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53; *State v. Seagraves, supra; State v. Robinson, supra.* General statements found in *State v. Collins,* 247 N.C. 248, 100 S.E. 2d 492, and in *State v. Henderson,* 207 N.C. 258, 176 S.E. 758, to the effect that a defendant, having accepted a suspended sentence without appeal, cannot thereafter attack the validity of the conditions of such suspension, are in conflict with this well established rule and are, therefore, not approved. A condition which is a violation of the defendant's constitutional right, and, therefore, beyond the power of the court to impose, is *per se* unreasonable and subject to attack by the defendant upon the State's subsequent motion to put the sentence into effect for violation of that condition. See: *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651; *State v. Doughtie,* 237 N.C. 368, 74 S.E. 2d 922; *Myers v. Barnhardt,* 202 N.C. 49, 161 S.E. 715; *State v. Whitt,* 117 N.C. 804, 23 S.E. 452.

This Court has recognized the authority of the trial court to impose a prison sentence and suspend the same upon condition that the defendant make compensatory payments to the person injured by his criminal act. See: *State v. Robinson, supra; State v. Simmington,* 235 N.C. 612, 70 S.E. 2d 842; *Myers v. Barnhardt, supra; State v. Whitt, supra.* In the *Simmington* case, the Court said that the question of whether the activation of a prison sentence for the defendant's failure to make such compensatory payments amounted to imprisonment for debt in violation of the above quoted constitutional provision was not before it, but then went on to sustain the order activating the sentence, saying, "When he is imprisoned, he will be imprisoned for his breach of the criminal law and not for the failure to pay damages."

[5] We have found no decision of this Court sustaining an order putting into effect a prison sentence for the failure of the defendant to pay obligations incurred by him otherwise than as the result of the act for which he was originally convicted, with the exception of the obligation imposed by law for the support of the defendant's wife or child. In our opinion, it is not sufficient to say, as was said in *State v. Simmington, supra,* that when such defendant is imprisoned he will be imprisoned for his criminal act and not for his nonpayment of his debt. The purpose of the above quoted provision of our Con-

stitution was to prevent the use of the criminal process to enforce the payment of civil obligations, directly or indirectly. To suspend a sentence of imprisonment for a criminal act, however just the sentence may be *per se,* on condition that the defendant pay obligations unrelated to such criminal act, however justly owing, is a use of the criminal process to enforce the payment of a civil obligation and lends itself to the oppressive action which the provision of the Constitution was designed to forbid. To sustain the suspension of sentence upon such a condition would invite misuse of the practice of suspending sentence. It would substitute for the humane consideration and the objective of reformation, upon which the practice ought to rest, an entirely different purpose. See: *State v. Hilton,* 151 N.C. 687, 65 S.E. 1011; *State v. Doughtie, supra.*

[6]　In the present case, the sentence of imprisonment was suspended upon three conditions: (1) Payment of a fine and costs; (2) payment "of $7,326.29 for the use and benefit of North Carolina National Bank"; and (3) remaining on general good behavior and not violating any criminal law of the State. It is not contended that the first or the third of these conditions has been broken by the defendant. He has now been ordered to jail because he has not paid the sum of money which, presumably, he lawfully and justly owes the bank. There is nothing whatever in this record to show that such indebtedness, over and above the $631.78 mentioned in the warrant, was contracted fraudulently or that it grew out of the defendant's use of the bank credit card. It is obvious from the face of the warrant upon which the defendant was tried that the major part of this indebtedness was not created by the criminal acts to which the defendant entered his plea of guilty. If, indeed, this indebtedness, or any part thereof, arose out of some other use of the credit card issued by the bank to this defendant, which use was a violation of the criminal law, the right of the State to try the defendant therefor upon proper criminal process is not before us in this case.

We do not have before us for determination the validity of the statutory provision that a series of independent and unrelated misuses of a bank credit card, each constituting a misdemeanor within itself, will, in their totality, constitute a felony, if they all occurred within a specified period of time. See: G.S. 14-113.13; G.S. 14-113.17. It is also unnecessary to determine in this case whether the process upon which the defendant · is charged with the violation of G.S. 14-113.13 must charge each wrongful use of the card in a separate count.

The sole question before us is whether the second condition upon which the defendant's sentence was suspended is valid. We hold it is not and, therefore, the order of the Superior Court putting the prison sentence into effect because of his breach of this condition was error and must be vacated, irrespective of wilfulness or want of lawful excuse for the breach of the condition.

The Court of Appeals was in error in remanding this matter to the Superior Court for further hearing. It should have simply vacated the order of the Superior Court which put the prison sentence into effect, without prejudice to the right of the State to move for activation of the sentence if the defendant has violated, or hereafter violates, the third condition upon which the sentence was originally suspended. The matter is hereby remanded to the Court of Appeals for the entry of a judgment in accordance with this opinion.

Error and remanded.