STATE OF NORTH CAROLINA v. OTIS EARL PULLEY

No. 8710SC973

(Filed 5 July 1988)

**Homicide § 30.3— involuntary manslaughter—instruction not required**
    The trial court did not err in failing to charge the jury on involuntary manslaughter where the only possible evidence to support such a verdict was defendant's statement to the police to the effect that he did not stab the victim but she twice ran onto his knife, and defendant did not rely upon the statement at trial but instead repudiated it as a lie.

APPEAL by defendant from *Hight, Judge.* Judgment entered 22 May 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 28 March 1988.

*Attorney General Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Daniel R. Pollitt, for defendant appellant.*

PHILLIPS, Judge.

Tried for first degree murder in the stabbing death of Donna Clark Allen defendant was convicted of voluntary manslaughter. In pertinent part the *State's evidence* tended to show that: The victim and two men accompanied Kathy Lunsford to the Raleigh apartment she formerly shared with Angela Rowland, where a party was going on; when Angela opened the door, Kathy threw a jar of household bleach in her face; a free-for-all immediately ensued, during the course of which defendant rushed from the apartment with a knife in hand and stabbed the victim twice before he was eliminated from the fray by a blow on the head

with an iron pipe; when first questioned by the police defendant denied stabbing anyone, but later told them the victim had rushed toward him with a knife and he pulled his own knife from his pocket, held it in front of himself and the victim ran into it twice; the State did not rely on the statement as the autopsy findings showed that both knife entries into the victim's body were followed by upper thrusts that caused the knife to penetrate first the liver and then the heart. *Defendant testified* in pertinent part that: The statement given to the police about the victim running upon his knife was false and that he intentionally stabbed the victim in defending himself and his girlfriend.

Though not based upon any exception to the charge or issues, defendant's main contention is that the court committed "plain error" under the rule of *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) in failing to charge the jury on involuntary manslaughter, which is a proper verdict only when there is evidence that the killing resulted from an unintentional act by the defendant. *State v. Davis*, 66 N.C. App. 334, 311 S.E. 2d 311 (1984). The only possible evidentiary support for an involuntary manslaughter verdict in this case is defendant's statement to the police to the effect that he did not stab the victim and that she twice ran onto his knife. Assuming *arguendo* that the statement is evidence of involuntary manslaughter, which we doubt, there was no error, plain or otherwise, in not submitting that issue to the jury, because defendant did not rely upon the statement in the trial court, but repudiated it as a lie. Having taken that position in the trial court he may not take another here. *State v. Simmington*, 235 N.C. 612, 70 S.E. 2d 842 (1952). Furthermore, since the purpose of a verdict under our law is to speak the truth, no litigant is entitled to obtain a verdict that is based upon an admitted falsehood.

Defendant's other contentions, likewise without merit, concern evidence that was clearly admissible and could not have conceivably prejudiced him in any event, and the judge's failure to find in mitigation of the sentence that defendant acted "under duress," about which there is no evidence in the record.

No error.

Chief Judge HEDRICK and Judge EAGLES concur.