### STATE v. FLOYD MILLNER.

(Filed 22 September, 1954.)

**1. Criminal Law § 62f—**

The term "good behavior" as used in an order suspending execution of a sentence means law-abiding, and a defendant does not breach such condition of suspension unless he is guilty of conduct constituting a violation of some criminal law of the State.

**2. Same—**

The exercise of the discretionary authority of the trial judge to order that a suspended sentence should be activated must be predicated upon a finding, based upon evidence of sufficient probative force to generate the conclusion in the minds of reasonable men, that the defendant had in fact breached a condition of the suspension, and in the absence of such proof, defendant is entitled to his discharge as a matter of right.

**3. Same—**

The fact that a defendant has no occupation to the knowledge of the officers testifying is insufficient alone to support a finding that the defendant is a vagrant as the basis for an order executing a suspended sentence, especially when there is positive evidence that the defendant has a home and possesses ready cash. G.S. 14-336.

**4. Same—**

Evidence that officers found glasses and fruit jars having an odor of whiskey in the kitchen of the defendant's house and a number of empty fruit jars in back of the house, that during a day a number of people would drive up to the house, knock on the door, and that defendant on some occasions would come to the door and speak to them and then the people would leave, without evidence that defendant passed any package to any of these visitors or that they passed money or any object to him, or that there was any disorder or disturbance, *is held* insufficient to support an order executing a suspended sentence on the ground that defendant had violated the law.

APPEAL by defendant from *Sharp, Special J.,* May Term 1954, ROCK-INGHAM. Reversed.

Criminal prosecution on a warrant which charges that defendant did sell and deliver one pint of liquor, heard on motion to activate suspended sentence.

The defendant was tried in the municipal court of Reidsville. He was convicted and appealed to the Superior Court. When the appeal came on to be heard at the January 1954 Term of the Superior Court, the defendant, through counsel, entered a plea of "guilty as charged." Clarkson, J., the judge presiding at said term, pronounced judgment of imprisonment for a term of eighteen months, suspended for a period of three years on condition that defendant pay a fine of $100 and the costs and "be of good behavior and violate none of the laws of the State during the period of suspension."

At the May Term 1954, the defendant was brought into court by capias on the charge that he had violated the conditions imposed in the original judgment, and the solicitor moved for judgment activating the original sentence.

The evidence offered in support of the motion tends to show that:

(1) Defendant is a cripple who lives in a house in Reidsville.

(2) On 24 May 1954, officers made a search of his home. They discovered no whiskey but detected the odor of liquor. They did find some glasses and three or four fruit jars in the kitchen having a faint odor of whiskey, and there were a "large number" of empty fruit jars back of the house and a pile of glass in the vicinity of the house and two sacks of coins in a locked closet in the house.

(3) Officers had kept defendant's home under surveillance for some time and had observed people, both white and colored, going to and from defendant's home.

(4) On Saturday preceding the search, between the hours of 4:00 p.m. and 10:00 p.m., twenty-eight automobiles and ninety people came to the vicinity of defendant's home, and on Sunday, twenty-five cars and fifty-one people were observed. "Some of them would go up to the front door and knock. On some occasions Floyd would come to the door and speak to these people and then the people would leave."

(5) The officers did not hear what was said and observed no package passed from defendant to any of the persons who went to his house or any money passed from any one of them to defendant.

(6) "The general reputation of Floyd's house since January has been selling whiskey."

(7) Officers have seen defendant frequently in Reidsville but have never seen him drinking or misbehaving since January when the suspended sentence was imposed.

(8) Defendant has no known occupation; and

(9) Different people, from time to time, have lived in the same house with defendant.

Upon the evidence offered the court below found and concluded that the defendant "has violated the terms under which sentence was imposed at the January 1954 Term of this Court in Case No. 1632 in that he has not been of good behavior for that since the imposition of said sentence he has been a vagrant; has maintained a disorderly house; has been guilty of maintaining and operating a common-law nuisance; and has engaged in illicit sale of liquor." It thereupon ordered "that commitment issue to put the 18 months sentence imposed at the January 1954 Term into effect." Defendant excepted and appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Brown, Scurry & McMichael and Price & Osborne for defendant, appellant.*

BARNHILL, C. J. The validity of the order of Clarkson, J., entered at the January Term, suspending or staying execution of the sentence of imprisonment imposed by him on condition that defendant "be of good behavior and violate none of the laws of the State during the period of suspension," is not challenged on this appeal. *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706.

The term "good behavior" as used in the order means in obedience to and conformity with the laws of the State: the demeanor of a law-abiding

citizen. *S. v. Johnson,* 169 N.C. 311, 84 S.E. 767; *S. v. Everitt,* 164 N.C. 399, 79 S.E. 274; *S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850. Good behavior, by correct interpretation, means conduct that is authorized by law. *S. v. Hardin,* 183 N.C. 815, 112 S.E. 593.

Behavior such as will warrant a finding that a defendant has breached the condition of suspension on good behavior must be conduct which constitutes a violation of some criminal law of the State. *S. v. Hardin, supra.*

The discretionary authority of the trial judge to determine whether a suspended sentence shall be activated does not mean that he can invoke the sentence and direct that capias and commitment issue without a finding, based on competent evidence, that the defendant in fact has been guilty of conduct which constitutes a violation of some criminal law. The breach of condition must be properly established by pertinent testimony that the conditions have been broken. *S. v. Hardin, supra.* There must be substantial evidence of sufficient probative force to generate in the minds of reasonable men the conclusion that defendant has in fact breached the condition in question. In the absence of such proof, the defendant is entitled to his discharge as a matter of right and not of discretion.

We are constrained to hold that the evidence contained in this record, when considered in the light of these principles of law, is insufficient to sustain the findings or conclusions made by the court below.

It is true that the defendant has no occupation to the knowledge of the officers. But this alone is not sufficient to support a finding that defendant is a vagrant, especially in view of the positive evidence that he has a home and possesses ready cash. G.S. 14-336.

There is no evidence that defendant has engaged in the sale of liquor. The evidence as to what the officers found upon making search of defendant's premises raises a strong suspicion and nothing more. It is true there was also evidence that a large number of people, both white and colored, went to defendant's home day and night. But the testimony also discloses that these people knocked, but did not enter. While at times they saw the defendant, they always departed empty handed. The officers never saw defendant pass any package to any of these visitors, nor did they see any of them pass any money or other object to him. There was no disorder and no disturbance. None of the visitors were apprehended by the watching officers, and defendant was guilty of no misbehavior or disturbance. So the officers testified.

Indeed, the testimony is such as to induce the inference that defendant's home had at one time been an oasis for the thirsty of that community, but that since January their oasis had been arid.

The defendant is entitled to his discharge subject to the original suspended sentence. To that end the judgment entered in the court below is Reversed.