### STATE v. TROY BENJAMIN SEAGRAVES.

(Filed 15 December, 1965.)

**1. Criminal Law § 136—**

The burden is upon the State to show by evidence reasonably satisfactory to the court that defendant has violated one of the conditions of his probation in order for the court to order the probation revoked and the sentence previously suspended to be activated.

**2. Same—**

Actions of a defendant which violate the instructions of his probation officer but which do not constitute a violation of the conditions of suspension, do not warrant order revoking probation and activating the prior suspended sentence, and breach of condition of good behavior is conduct which constitutes a violation of some criminal law.

APPEAL by defendant from *Shaw, J.*, 22 March 1965 Special Criminal Session of GUILFORD, Greensboro Division.

At the 9 November 1964 Session of the Superior Court of Guilford County the defendant entered a plea of guilty to each of four warrants charging, respectively, the crimes of assault with a deadly weapon, resisting arrest, disorderly conduct and simple assault, the cases being before the Superior Court on the defendant's appeals from the Municipal-County Court. The defendant was sentenced to 18 months in the county jail, to be assigned to work under the supervision of the State Prison Department, but execution of the sentence was suspended and the defendant was placed on probation for a period of four years. The conditions of probation were set forth in the judgment, each of them being authorized by the provisions of G.S. 15-199. Those most nearly pertinent to this appeal were: "(a) Avoid injurious and vicious habits: (b) Avoid persons or places of disreputable or harmful character: (c) Report to the Probation Officer as directed: * * * (m) Violate no penal law of any state or the Federal Government and be of general·good behavior."

On 11 March 1965 the defendant was notified by the probation officer of his intention to submit to the court an attached report of alleged violations of the conditions of his probation, these being stated therein as follows:

"A. On or about January 16, 1965 the defendant admitted removing a weapon from the automobile of [*sic*] which he was riding. He also admitted that he carried on his person a weapon and entered the dwelling house at 331 West Lee St., Greensboro, North Carolina on the above mentioned date. At the time the defendant was accepted for supervision by his probation officer, he was instructed orally not to have any weapons in his

possession outside of his established residence. His established residence on January 16, 1965 was 1705 Dodson St., Greensboro, N. C. This is a violation of the condition of Probation that he shall: follow the probation officer's instructions and advice.

"B. On or about January 23, 1965, the defendant was on the premises of Jim's Tavern, located on U. S. Highway #220, south of Greensboro, N. C. His conduct and activity resulted in two Peace Warrants being issued for him. At the time the defendant, Troy Seagraves was accepted for supervision by the probation officer he was instructed orally not to visit Taverns whose primary business is selling beer, Pool Room or Dance Halls. This is a violation of the condition of Probation that he shall: follow the Probation Officer's instruction and advice."

The matter came before the court for hearing on 22 March 1965, the defendant being present and represented by his counsel. He elected not to put on any evidence but his counsel made a statement to the court in his behalf. There was no evidence before the court other than the duly verified report of the probation officer. The court found as a fact that the defendant had wilfully violated the terms and conditions of the probation judgment as set forth in the above quoted portions of the report of the probation officer. The court thereupon ordered that the defendant's probation be revoked and that the sentence previously imposed and suspended be ordered into immediate effect, commitment to be issued by the Clerk. From this order the defendant appeals to this Court.

*Attorney General Bruton and Staff Attorney Theodore C. Brown, Jr., for the State.*
*Max D. Ballinger for defendant appellant.*

PER CURIAM. Upon a hearing to determine whether or not probation should be revoked, and a sentence previously suspended should be activated, all that is required is that the evidence be such as reasonably to satisfy the judge, in the exercise of his sound discretion, that the defendant has violated a valid condition upon which the sentence was so suspended. *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736; *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376; *State v. Millner,* 240 N.C. 602, 83 S.E. 2d 546. However, the burden of proof is upon the State to show that the defendant has violated one of the conditions of his probation. "Where a sentence in a criminal case is suspended upon certain valid conditions expressed in the

sentence imposed, the prisoner has a right to rely upon such conditions, and so long as he complies therewith the suspension should stand." *State v. Robinson, supra.* See also: *State v. McBride,* 240 N.C. 619, 83 S.E. 2d 488.

The probation judgment did not make it a condition of the defendant's probation that he "follow the probation officer's instructions and advice," or that he refrain from having any weapon in his possession outside of his established residence or that he not go upon the premises of a tavern selling beer.

The record does not show the nature or ownership of the weapon carried by the defendant, who owned the automobile from which he removed it or the dwelling house into which he carried it, or any circumstance in connection therewith. It is not shown that the weapon, whatever it was, was concealed by the defendant or that the occupant of the dwelling house objected to his taking it into the house.

Similarly, the record does not show any of the circumstances under which the defendant was upon the premises of the tavern in question or what was the outcome of the issuance of the two Peace Warrants. It is not shown that this tavern was a place "of disreputable or harmful character." There is nothing in the record to show that in either of these matters the defendant was engaged in an "injurious or vicious habit," or that his conduct fell short of "general good behavior." In *State v. Millner, supra,* we said: "Behavior such as will warrant a finding that a defendant has breached the condition of suspension on good behavior must be conduct which constitutes a violation of some criminal law of the State."

The findings of the Superior Court do not, therefore, constitute grounds for the revocation of the defendant's probation and the activation of the sentence previously imposed and suspended. Consequently, the order must be vacated without prejudice to the power of the court below to activate the suspended sentence if a violation of any condition thereof, during the period of probation, is reported to and found by the court.

Reversed.