STATE OF NORTH CAROLINA v. CLYDE WILLIAM JOHNSON

No. 7429SC620

(Filed 20 November 1974)

1. Criminal Law § 143— revocation of suspension — grounds for attack

A defendant who consents to the suspension of a sentence upon specified conditions may not attack an order putting the sentence

State v. Johnson

into effect except on the ground that (1) there is no evidence to support a finding of a breach of the conditions of suspension, or (2) the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

2. **Criminal Law § 143— revocation of suspension — sufficiency of evidence of violation of conditions**

    Evidence was sufficient to support the trial judge's conclusion that defendant breached the terms and conditions of his probation where such evidence included testimony by defendant that he was delinquent in installment payments ordered by the terms of the probation and testimony that he had been convicted of four offenses in violation of his probation terms.

ON WRIT of *certiorari* to review the order of *Martin (Robt. M.), Judge,* at the 14 January 1974 Session of Superior Court held in McDOWELL County. Argued before the Court of Appeals 14 October 1974.

On 7 January 1970 defendant pleaded guilty to the offense of uttering a forged check. Defendant was sentenced to seven years imprisonment, and sentence was suspended for five years. Among the usual terms and conditions of probation were special conditions of probation: that defendant pay $40.00 costs; that defendant reimburse one Phillip Lowery in the amount of $31.00; that defendant pay a fine of $1,000.00 in installments payable at the rate of $50.00 per month. Another special condition stated:

> "If the defendant violates any of the conditions of his probation or orders of his probation officer he will be subject to arrest upon order of the Court, or by the probation officer. At any time within the period of his probation, the Court may, if it sees fit, impose the Judgment and sentence it might have imposed in this first instance."

On 6 August 1970 the probation order was modified as to the amount of the installment payments to be made by the probationer. No further modification was made. On 31 August 1973 the probation officer served a "bill of particulars" on probationer, notifying him that a report containing offenses alleged to constitute a violation of his probation would be submitted to the Superior Court of McDowell County. At the hearing Avery Ervin, the probation officer, stated that probationer had violated his probation terms and conditions by moving from Morganton to Martinsville, Virginia, without the prior written permission of his probation officer. Furthermore, probationer

had been convicted of four offenses in violation of his probation terms and conditions: simple assault, failure to reduce speed to avoid an accident, uttering a worthless check in the amount of $1,727.00, and driving under the influence of alcohol.

Probationer testified that he was having "a bad problem with alcohol during the times Mr. Ervin testified about, . . ." Probationer stated he was working his way out of his problem and asked the court for a second chance.

The Superior Court found that defendant had violated the terms and conditions of his probation, particularly the condition that he violate no penal law of any state, and entered orders which revoked probation and activated the original sentence of seven years' imprisonment. Defendant appealed.

*Attorney General Carson, by Associate Attorney Brake, for the State.*

*Story & Hunter, by C. Frank Goldsmith, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant contends that the evidence contained in the record on appeal is insufficient to support the order of the trial court revoking probation and the order activating the suspended sentence. Defendant concedes that the suspension of an active sentence is a matter within the sound discretion of the trial court, but argues that the offenses committed were all misdemeanors and, when considered with the mitigating circumstances testified to at the hearing, constituted an insufficient basis for revocation of probation. We disagree.

[1] A defendant who consents to the suspension of a sentence upon specified conditions may not attack an order putting the sentence into effect "except: (1) On the ground that there is no evidence to support a finding of a breach of the conditions of suspension; or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *State v. Caudle,* 276 N.C. 550, 553, 173 S.E. 2d 778. Defendant does not challenge the reasonableness of the condition that he violate no penal law of any state and limits himself solely to the first ground set forth above.

Evidence sufficient to support a finding of breach of probationary conditions is that which reasonably satisfies "the judge, in the exercise of his sound discretion, that the defendant has violated a valid condition upon which the sentence was so suspended." *State v. Seagraves*, 266 N.C. 112, 113, 145 S.E. 2d 327. The evidence must be substantial and "of sufficient probative force to generate in the minds of reasonable men the conclusion that defendant has in fact breached the condition in question." *State v. Millner*, 240 N.C. 602, 605, 83 S.E. 2d 546.

[2] We find that there is substantial evidence in the record to support the trial judge's conclusion that defendant breached the terms and conditions of his probation. Defendant himself took the stand and testified that he was delinquent in the installment payments ordered by the terms of the probation, and further admitted that he had been convicted of the offenses about which his probation officer had testified. Defendant's contention that these are "technical" violations insufficient to support revocation of probation and activation of the suspended sentence is untenable and without merit. The evidence is clearly sufficient to support the trial court's orders. This assignment of error is overruled.

We decline to consider a second argument advanced by defendant in his brief. The argument is supported neither by an exception nor an assignment of error. In our opinion the orders entered by the trial court were correct and were supported by substantial evidence.

Affirmed.

Judges BRITT and PARKER concur.