State v. Blount

Order vacated.

Proceeding dismissed.

Judges PARKER and MARTIN concur.

STATE OF NORTH CAROLINA v. THOMAS EARL BLOUNT

No. 743SC713

(Filed 2 January 1975)

1. Criminal Law § 143— suspended sentence revoked — grounds for attack

A defendant who consents to the suspension of a sentence upon specified conditions may not attack an order putting the sentence into effect except on the ground that there is no evidence to support a finding of a breach of the conditions of suspension or on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

2. Criminal Law § 143— suspended sentence revoked — violation of probation conditions — sufficiency of evidence

Evidence was sufficient to support the trial judge's conclusion that defendant wilfully breached the terms and conditions of his probation where it tended to show that defendant moved away from his aunt's house where he was supposed to be each night between 11:30 p.m. and 6:00 a.m. and that defendant paid no monies into court in violation of the condition of his suspension that he pay $15 per week until all costs, restitution, and counsel's fee were paid.

APPEAL by defendant from Rousseau, Judge, 24 June 1974 Session of Superior Court held in PITT County. Argued before the Court of Appeals 10 December 1974.

At the January 1974 Session of Court held in Pitt County, defendant pleaded guilty to a charge of non-feloniously receiving stolen goods. An active sentence of two years imposed on defendant was suspended, and defendant was placed on probation for five years. Probation was subject to the usual conditions and to certain special conditions: (1) that defendant be in the home of his aunt by 11:30 p.m. each night and remain there until 6:00 a.m.; and (2) that defendant pay $15.00 each week to the office of the Clerk of Superior Court until all costs, restitution, and counsel's fee were paid.

On 20 May 1974 Ray E. Joyner, the State Probation Officer, filed a report with the court containing allegations that defendant had violated the two special conditions set forth above.

State v. Blount

. ; At a subsequent hearing on 24 June 1974, Joyner testified that defendant had failed and refused to remain in the home of his aunt and furthermore had failed to pay any monies into court. Joyner stated that he had visited the home of defendant's aunt and had been told that defendant no longer lived there. Joyner also checked the court records but found no record of any payment by defendant.

Defendant Thomas Earl Blount testified that he was working on a construction job in Charlotte and Virginia and was unable to stay at his aunt's house. Furthermore, defendant stated that he had been saving his money in order to pay a lump sum into court. Defendant testified that he gave this money to his sister to make the payment for him but that she failed to do so.

The trial court made findings of fact and entered an order revoking probation and directing that defendant's active sentence be put into effect. Defendant appeals.

*Attorney General Carson, by Assistant Attorney General Matthis, for the State.*

*Williamson & Shoffner, by Robert L. Shoffner, Jr., for the defendant-appellant.*

BROCK, Chief Judge.

Defendant's sole assignment of error challenges the sufficiency of the findings of fact made by the trial judge and relied upon for the order revoking probation.

[1] A defendant who consents to the suspension of a sentence upon specified conditions may not attack an order putting the sentence into effect "except: (1) On the ground that there is no evidence to support a finding of a breach of the conditions of suspension; or (2) on the ground that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *State v. Caudle,* 276 N.C. 550, 553, 173 S.E. 2d 778; *State v. Johnson,* 23 N.C. App. 696, 209 S.E. 2d 549.

Evidence sufficient to support a finding of breach of probationary conditions is that which reasonably satisfies "the judge, in the exercise of his sound discretion, that the defendant has violated a valid condition upon which the sentence was so suspended." *State v. Seagraves,* 266 N.C. 112, 113, 145 S.E.

2d 327; *State v. Johnson, supra.* The evidence must be substantial and "of sufficient probative force to generate in the minds of reasonable men the conclusion that the defendant has in fact breached the condition in question." *State v. Millner,* 240 N.C. 602, 605, 83 S.E. 2d 546; *State v. Johnson, supra.*

[2] In our opinion there is substantial evidence in the record to support the trial judge's conclusion that defendant wilfully breached the terms and conditions of his probation. Defendant's testimony in his own behalf reveals as much. This assignment of error is overruled.

In our opinion the order entered by the trial judge revoking probation was correct and was supported by the evidence.

No error.

Judges MORRIS and ARNOLD concur.