State v. Miller

STATE OF NORTH CAROLINA v. MICHAEL ANTHONY MILLER

No. 758SC752

(Filed 4 February 1976)

**Criminal Law § 145.1— probation conditions — breach no laws, gainful employment — insufficiency of findings for revocation**

Findings that defendant was unruly and misbehaved in school and that he did not attend school in lieu of working were insufficient to support revocation of his probation for breach of probation conditions (1) that defendant violate no penal laws and be of good general behavior, and (2) that defendant work faithfully at suitable gainful employment.

APPEAL by defendant from *Webb, Judge.* Judgment entered 25 April 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 16 January 1976.

On 13 November 1974, defendant pled guilty to misdemeanor larceny and received a suspended sentence and probation. At a later revocation hearing an order was entered, in pertinent part, as follows:

"The Court finds as a fact that the defendant has wilfully and without lawful excuse violated the conditions of the probation judgment as hereinafter set out:

(A) The Court finds as a fact that the defendant was unruly in school, threatened the school teachers, refused to attend classes, interfered with the discipline of other students; and, on February 11, 1975, was suspended from school which is in violation of the condition of probation that he shall 'violate no penal law of any state or the Federal Government and be of general good behavior.' The Court further finds that the defendant did not work and did not attend school in lieu of working which is in violation of the condition of probation that he shall 'work faith-

fully at suitable, gainful employment as far as possible and save his earnings above his reasonably necessary expenses.'

IT IS THEREFORE ORDERED in the discretion of the Court that the probation be REVOKED and the sentence to the Wayne County Jail as a Committed Youthful Offender for a period of Six (6) months, heretofore suspended, is hereby ordered into immediate effect and commitment shall be issued by the Clerk of the Court."

Defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Claudette Hardaway, for the State.*

*Herbert B. Hulse and George F. Taylor for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the court erred in finding that he violated his probation. We agree. The conditions found to be violated are (1) that defendant violate no penal laws and be of good general behavior, and (2) that defendant work faithfully at suitable gainful employment. These two conclusions are supported by findings that defendant was a disciplinary problem in school and that he did not attend school in lieu of working.

There is no condition in defendant's probation requiring that he attend school, and there is no evidence in the record that defendant did not work. Moreover, the finding that defendant was unruly and misbehaved in school does not constitute a violation of his condition to violate no penal laws and to be of general good behavior. Conduct amounting to a breach of the "good behavior" condition must be such as would constitute a violation of the criminal law of the State. *State v. Seagraves,* 266 N.C. 112, 145 S.E. 2d 327 (1965); *State v. Millner,* 240 N.C. 602, 83 S.E. 2d 546 (1954).

The findings of the trial court do not constitute grounds for revocation of the probation. The order is vacated.

Vacated and remanded.

Judges PARKER and HEDRICK concur.