STATE OF NORTH CAROLINA v. NORMAN E. CUNNINGHAM, III

No. 825SC925

(Filed 2 August 1983)

1. **Criminal Law § 143.8— suspended sentence—good behavior condition—necessity for breach of criminal law**
Behavior that will warrant a finding that a defendant has violated the "good behavior" condition of a suspended sentence must be conduct which constitutes a violation of some criminal law of the State. Therefore, although defendant's conduct in playing loud music through a speaker located twenty-five feet from his neighbors' back door may have constituted a nuisance, it did not violate a criminal law so as to constitute a violation of the "good behavior" condition of his suspended sentence.

2. **Criminal Law § 143.1— revocation of suspended sentence—notice of alleged violations**
Where defendant was served with notice which alleged that he had violated the "good behavior" condition of his suspended sentence by repeatedly playing loud music which greatly disturbed his neighbors and by taking their personal property without permission, defendant's suspended sentence could not be revoked on the ground that he violated the "good behavior" condition by trespassing upon and damaging real and personal property belonging to his neighbors.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 21 May 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 9 March 1983.

On 15 February 1982, defendant, Norman E. Cunningham, was given a sentence of twenty-nine days in the District Court of New Hanover County for the offense of disorderly conduct. The sentence was suspended on the conditions that the defendant (1) pay the costs of court and (2) be of good behavior for two years.

On 5 April 1982, the State filed a motion seeking revocation of defendant's suspended sentence. The motion included a statement of the violations alleged, that the defendant has violated the condition of his suspended sentence in that (1) he has consistently played loud music from a sound system's speakers after 11:00 p.m. that is greatly disturbing to the peace and quiet of Mr. and Mrs. E. H. Southerland, and (2) he has removed private property signs posted by Mr. and Mrs. E. H. Southerland without their permission.

On 10 April 1982, defendant was duly served with an order to show cause together with a copy of the State's motion for revocation. A revocation hearing was held on 14 April 1982 in New Hanover District Court. Judge John M. Walker found that defendant had violated the condition of his suspended sentence requiring him to "remain of good behavior for two years" by embarking upon a course of conduct which was greatly disturbing to the peace and quiet of Mr. and Mrs. E. H. Southerland in that:

(1) [O]n March 17, 1982 the defendant played very loud music from speakers located in a metal shed a foot from the home of Mr. and Mrs. E. H. Southerland. Said shed contains a hot tub. The music played from the shed began during the daylight hours and continued until after midnight;

(2) [O]n March 18, 19, 20, 21, and 22, 1982 the defendant played music loudly from speakers in the metal shed all day and past 11:00 o'clock P.M.;

(3) [O]n March 25, 1982 the defendant played music from the speakers in the shed loudly until 2:00 o'clock A.M. and in addition area lights on the Cunningham property were left on and beaming into the Southerland's bedroom;

(4) [O]n April 1, 1982 loud music was again played by the defendant until late in the night.

Judge Walker revoked defendant's suspended sentence and activated the sentence of twenty-nine days. Defendant appealed to the Superior Court.

On 21 May 1982, a *de novo* hearing was held to determine if defendant had violated the condition of his 15 February 1982 suspended sentence and, if so, whether his suspended sentence should be revoked and the sentence activated. Evidence at the hearing tended to show the following: defendant resided in and managed the Driftwood Trailer Park which was located on property adjacent to the property of Mr. and Mrs. E. H. Southerland. Subsequent to 15 February 1982 defendant has continually played loud music throughout the day and as late as 2:00 a.m. to 3:00 a.m. The music was played through a speaker located on the outside of defendant's trailer about twenty-five feet from the Southerland's back door. The playing of the music has prevented the Southerlands from sleeping. At 11:30 p.m. on 22 April 1982, Mrs. Southerland observed defendant behind an oak tree on her property. She checked the tree the morning of 23 April 1982, but observed nothing unusual. On 25 April 1982, she noticed that some of the ivy and azalea plants around the oak tree were drooping. Several days later she discovered a hole bored in the trunk of the oak tree and in six other trees. The trees were thereafter diagnosed as dying from a herbicide placed within the bored holes. Further, that on 30 March and 1 April 1982, someone removed four "no trespassing" signs from the fence along the Southerland's property line and spray painted one of the signs.

Defendant testified in his own behalf. He denied playing music and denied going on the Southerland's property or removing or damaging any of their property.

At the conclusion of the hearing, the court entered an order making the following findings of fact and conclusions of law:

1. That on February 15, 1982 the Defendant was found guilty of disorderly conduct by the Honorable John M. Walker in New Hanover County District Court and given a sentence of 29 days, suspended upon payment of cost and good behavior for two years.

2. That on the 22nd of April, 1982 the Defendant was trespassing on the E. H. Southerland, Jr. property after being forbidden to do so.

3. That on the 22nd of April, 1982, the Defendant was seen to be bending over in front of a live oak tree located on the property of E. H. Southerland, Jr.

4. That after the 22nd of April, 1982 said live oak tree began to die and was found to have a man-made hole bored into its base in which herbicide had been deposited.

5. That in addition to the above mentioned tree, some six to seven other trees located on the E. H. Southerland, Jr. property have been damaged by man-made bore holes and herbicide poisoning since the 22nd day of April, 1982.

6. That subsequent to the 15th of February, 1982, the Defendant has continually played loud music throughout the day and as late as 2:00 A.M. to 3:00 A.M. at night from a speaker located outside of his trailer and aimed at the Southerland property.

7. That said noise disrupted the peace and comfort of the E. H. Southerland, Jr. family.

8. That the Defendant maliciously spray painted a "No Trespassing" sign located on the E. H. Southerland, Jr. property.

Based upon the above findings of fact and the evidence presented, the Court finds [concludes as a matter of law] as follows:

1. That the Defendant committed the criminal offense of malicious damage to personal property.

2. That the Defendant committed the criminal offense of malicious damage to real property.

3. That the defendant committed the criminal offense of trespassing.

The trial court then concluded that defendant had willfully violated the "good behavior" condition of his suspended sentence by the foregoing conduct and therefore revoked his suspended sentence and activated the twenty-nine day sentence. From entry of the order revoking his suspended sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Lanier and Hall, by Fredric C. Hall, for defendant appellant.*

JOHNSON, Judge.

Defendant excepts to and assigns as error the trial court's Findings of Fact Nos. 2, 3, 6, 8 and Conclusions of Law Nos. 1, 2 and 3. Defendant contends that these findings and conclusions are not supported by competent evidence and that the trial court's order revoking his suspended sentence was based on insufficient evidence.

The trial judge may not exercise his discretionary authority to activate a suspended sentence unless the breach of a condition of probation is established by "substantial evidence of sufficient probative force to generate in the minds of reasonable men the conclusion that defendant has in fact breached the condition in question." *State v. Millner*, 240 N.C. 602, 605, 83 S.E. 2d 546, 548 (1954).

[1] The alleged violation that defendant consistently played loud music that disrupted the peace and quiet of the Southerlands and the trial court's Findings of Fact Nos. 6 and 7 are supported by the testimony of Mrs. Southerland. She testified that since 15 February 1982 defendant has continually played loud music throughout the day and as late as 2 to 3 a.m., and that the music has prevented her and her husband from sleeping. However, this conduct does not violate the suspensory condition of good behavior. In North Carolina, "good behavior" means "law-abiding" in the context of suspension of a sentence upon conviction of a crime. *State v. Seagraves*, 266 N.C. 112, 145 S.E. 2d 327 (1965). Behavior that will warrant a finding that a defendant has violated the "good behavior" condition must be conduct which constitutes a violation of some criminal law of the State. *State v. Millner, supra; State v. Seagraves, supra.* In the case *sub judice*, we are constrained to hold that although the conduct of the defendant in playing music through a speaker located twenty-five feet from the Southerland's back door, which is undoubtedly disturbing to the Southerlands, may constitute a nuisance, it does not amount to conduct which constitutes violation of a criminal law of this State.

Therefore, the trial court erroneously found this conduct to violate the suspensory condition of good behavior.

We next consider defendant's assignment of error regarding the trial court's Findings of Fact Nos. 2, 3, and 8 and Conclusions of Law Nos. 1, 2, and 3. We agree with defendant that the trial court erroneously based the revocation of defendant's suspended sentence upon those findings and conclusions.

[2] Defendant was properly served with a statement of the alleged violations of his suspended sentence. G.S. 15A-1345(d); *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53 (1967). The State alleged that the condition of good behavior was violated by defendant's repeated playing of loud music, which greatly disturbed the Southerlands and by defendant's taking of their personal property without permission. However, the State sought to prove additional conduct in violation not contained in the notice served upon defendant — that defendant trespassed upon and damaged real and personal property belonging to the Southerlands. The record does not show that defendant received notice or a statement of an alleged violation consisting of trespass or damage to property. Therefore, entry of an order revoking defendant's suspended sentence upon Findings of Fact Nos. 2, 3, and 8 and Conclusions of Law Nos. 1, 2, and 3 was error.

In addition, a careful examination of the evidence of record clearly shows that evidence presented by the State that defendant trespassed upon and damaged real and personal property belonging to the Southerlands was irrelevant and improperly admitted because this evidence had no logical tendency to prove either of the two facts which were properly in issue. *State v. Swift,* 290 N.C. 383, 226 S.E. 2d 652 (1976).

For the reasons stated herein, we hold that the evidence was insufficient to support the trial court's order revoking defendant's suspended sentence. The trial court's order is, therefore,

Reversed.

Judges WELLS and HILL concur.