STATE OF NORTH CAROLINA
v.
CHARLES ROBERT FRANKS.
No. COA07-95
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Bethany A. Burgon, for the State.
Brian Michael Aus, for defendant-appellant.
TYSON, Judge.
Charles Robert Franks ("defendant") appeals from judgments entered revoking his probation and activating his suspended sentences for his prior convictions of taking indecent liberties with a child pursuant to N.C. Gen. Stat. § 14-202.1. We affirm and remand for correction of clerical error.

I. Background
On 3 December 2003, defendant pled guilty to five counts of taking indecent liberties with a child. Defendant pled guilty pursuant to a plea agreement and received one active sentence, in the mitigated range for imprisonment of fifteen months minimum and eighteen months maximum. The remaining consecutive and identical sentences for the four remaining counts were suspended, and defendant was placed on supervised probation for sixty months after completing his active sentence.
On 29 April 2005, defendant's probation officer issued probation violation reports alleging defendant had violated the conditions of his probation ordering him to: (1) "pay the Clerk of Superior Court the 'Total Amount Due' as directed by the Court or probation officer;" (2) "not [] purchase, possess or consume alcoholic beverages or controlled substances;" (3) "submit to blood, breath, and urine testing for analysis for the presence of prohibited drugs or alcohol as requested by the supervising officer and pay any fees associated with testing;" and (4) "abide by a designated curfew."
On 4 May 2005, defendant's probation officer issued another probation violation report alleging defendant had violated the conditions of his probation by failure to report to his probation officer as instructed, by being terminated from his sexual abuse treatment program for being non-compliant, and by failing to reside at his approved residence on a regular basis. These reports further alleged defendant had: (1) appeared to be under the influence of drugs; (2) admitted to his probation officer that he had been using crack/cocaine; (3) failed or refused to obtain and maintain gainful employment as required by his probation; and (4) traveled to Virginia in violation of the probation condition requiring him to remain within the jurisdiction of the trial court unless granted written permission to leave by the trial court or his probation officer. On 4 August 2005, defendant appeared in court and admitted to the allegations contained in the reports. The trial court revoked one of defendant's suspended sentences and activated the fifteen month minimum, eighteen month maximum sentence. The remaining three sentences remained suspended and defendant was continued on probation after serving the activated sentence.
On 8 May 2006, defendant was convicted of two counts of driving while license revoked and two counts of breaking and entering vending machines. On 24 May 2006, probation violation reports and notices of hearing were again issued against defendant. Defendant again admitted the violations in open court, waived formal presentation, and consented to Probation Officer James Powers ("Officer Powers") summarizing his violations.
Officer Powers testified that defendant had committed violations which occurred prior to the last probation violation hearing, but were pending and not disposed of until after the earlier hearing. Officer Powers explained, that since the last hearing, new offenses had been alleged against defendant but that he had not been convicted of the crimes at that time. Officer Powers testified defendant was convicted and had received the following active sentences: (1) two counts of misdemeanor larceny; (2) two counts of breaking and entering a coin machine or currency machine, receiving a sixty day active sentence; (3) driving with a revoked license, receiving a 120 day active sentence; and (4) felony breaking and entering a coin or currency machine, receiving a four to five month active sentence. Officer Powers explained that because all of the charges against defendant were pending at the time of the prior violation hearing, he had not included them in his previous violation report. Officer Powers recommended revocation of defendant's probation based upon the multiple charges and convictions, and new offenses which occurred in three different counties. Each of these offenses violated the three remaining suspended probationary sentences.
The trial court determined defendant had, "willfully, without lawful excuse, violated terms and conditions of his probation" and entered judgments, which revoked the sixty month term of probation and activated defendant's suspended sentences of the three consecutive terms of imprisonment. Defendant appeals.

II. Issues
Defendant argues the trial court erred by: (1) revoking his probation for convictions pre-dating the first probation violation hearing, which were not included in the earlier violation report; (2) failing to make sufficient findings of fact to revoke his probation; and (3) finding, in his absence, that each violation, in and of itself, was a sufficient basis upon which probation could and should be revoked.

III. Standard of Review
Upon a hearing to determine whether or not probation should be revoked, and a sentence previously suspended should be activated, all that is required is that the evidence be such as reasonably to satisfy the judge, in the exercise of his sound discretion, that the defendant has violated a valid condition upon which the sentence was so suspended.
State v. Seagraves, 266 N.C. 112, 113, 145 S.E.2d 327, 329 (1965). "'Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.'" State v. Trull, 349 N.C. 428, 445, 509 S.E.2d 178, 190 (1998) (quoting State v. Hennis, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)), cert. denied, 528 U.S. 835, 145 L. Ed. 2d 80 (1999).

IV. Convictions Not in Previous Violation Reports
Defendant argues the trial court erred by revoking his probation for charges which predated his first probation violation hearing and were not included in previous violation reports. We disagree.
Defendant's first probation violation hearing was held on 4 August 2005. The trial court determined that defendant, "willfully, without lawful excuse, violated terms and conditions of his probation" and activated a portion of his suspended sentence. On 8 May 2006, defendant was convicted of: (1) driving while licensed revoked on 24 January 2005; (2) breaking and entering vending machines on 10 June 2005; (3) driving while licensed revoked on 7 July 2005; and (4) breaking and entering vending machines on 8 May 2006.
The trial court correctly revoked defendant's probation. In order to revoke probation, "all that is required is that the evidence be such as reasonably to satisfy the judge, in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was so suspended." Seagraves, 266 N.C. at 113, 145 S.E.2d at 329. A condition of defendant's probation was that he not commit a criminal offense in any jurisdiction. Defendant was convicted of multiple offenses over different periods of time in multiple counties. The trial court found each conviction was sufficient to revoke defendant's probation. Defendant failed to argue or show these violations were not wilful and the trial court abused its discretion. This assignment of error is overruled.

V. Clerical Error
Defendant argues the trial court erred when it failed to make sufficient findings of fact to revoke his probation. The trial court found in its judgments that defendant had violated specified conditions of his probation as alleged in the "notice of hearing on violation of unsupervised probation" where he was charged with violating the terms of his probation through a violation report.
A clerical error has been defined as "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination." State v. Jarman, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000). "[A] court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions therein." State v. Davis, 123 N.C. App. 240, 242-43, 472 S.E.2d 392, 393 (1996).
The revocation order contains a clerical error. Each of the judgments entered state "[t]he defendant is charged with having violated specified conditions of the defendant's probation as alleged in the: . . . b. Notice of Hearing on Violation of Unsupervised Probation on file herein, which is incorporated by reference."
The wrong box was checked on each preprinted judgment form. Instead of checking box "b," the court should have checked box "a" which stated, "Violation Report(s) on file herein, which is incorporated by reference." The trial judge did not exercise "judicial discretion or undertake any judicial reasoning when signing" each judgment. Jarman, 140 N.C. App. at 203, 535 S.E.2d at 879. We remand this case for correction of this clerical error.

VI. Absence of Defendant from Findings of Fact
Defendant argues the trial court erred by making a finding of fact, in his absence, that each violation is, in and of itself, a sufficient basis upon which probation should be revoked. We disagree.
In open court, with defendant being present, the trial judge stated that defendant had "willfully, without lawful excuse, violated terms and conditions of his probation. Activate his sentence." On each judgment form is a finding that "each violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence."
A defendant has the right to be present at the time the sentence is imposed. State v. Beasley, 118 N.C. App. 508, 514, 455 S.E.2d 880, 884 (1995). "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." State v. Pope, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).
In a similar case, the defendant's sentence was vacated and the case was remanded for entry of a new sentencing judgment. State v. Crumbley, 135 N.C. App. 59, 66-67, 519 S.E.2d 94, 99 (1999). In Crumbley, the trial court rendered the sentence in open court in the defendant's presence, but did not indicate whether the sentences would run consecutively or concurrently. 135 N.C. App. at 61, 519 S.E.2d at 96. The trial court later entered a written and signed judgment that stated the sentences would run consecutively with no indication in the record that the defendant was present. Id. Here, unlike in Crumbley, there was no change in the basis of defendant's judgments or sentence to require the remand for the entry of a new sentencing judgment.
Each judgment for defendant's original convictions, during which defendant was present, stated each of the sentences would run consecutively. Defendant was notified and knew his original consecutive terms of imprisonment could be activated if his probation was revoked. Defendant failed to show the trial judge abused his discretion by finding and concluding that "each violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." This assignment of error is overruled.

VII. Conclusion
Defendant failed to show any error in the trial court's decision to revoke his probation and finding as fact that each violation is, in and of itself, a sufficient basis upon which probation should be revoked. Defendant received a fair hearing, free from the prejudicial errors he assigned, preserved, and argued.
The trial court's order revoking defendant's probation and activating his suspended sentences is affirmed. This case is remanded for correction of the clerical error in accordance with this opinion.
Affirmed and Remanded for Correction of Clerical Error.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).