An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1348

Filed: 21 April 2015

Gaston County, No. 14 CRS 001864

THE STATE OF NORTH CAROLINA

       v.

SHANNON RAY ROYAL, Defendant.

Appeal by defendant from judgment entered 3 October 2014 by Judge Nathaniel J. Poovey in Gaston County Superior Court. Heard in the Court of Appeals 18 March 2015.

> *Roy Cooper, Attorney General, by Kimberly N. Callahan, Assistant Attorney General, and Daniel P. O'Brien, Special Deputy Attorney General, for the State.*
>
> *The Exum Law Office, by Mary March Exum, for defendant-appellant.*

TYSON, Judge.

Shannon Ray Royal ("Defendant") appeals from judgment entered upon revocation of probation. We affirm.

## I. Factual Background

On 19 May 2010, Defendant was found guilty of four counts of misdemeanor larceny in Rowan County District Court. Defendant was sentenced to 120 days in the

custody of the North Carolina Department of Corrections.  Defendant appealed from this judgment to the Rowan County Superior Court.

On 6 July 2010, Defendant was indicted for one count of breaking and entering a motor vehicle and one count of misdemeanor larceny.  Defendant pled guilty to both charges.

The trial court sentenced Defendant to 8-10 months imprisonment on 2 December 2011.  The trial court suspended this sentence and placed Defendant on supervised probation for 24 months following his release from incarceration in August 2013.

On 28 February 2014, a violation report was filed by Defendant's probation officer.  The violation report alleged Defendant had willfully violated the terms of his probation by: (1) testing positive for illegal substances; (2) failing to complete any of his community service hours; (3) being in arrears in the amount of $2,860.00 of court-ordered fees and fines; (4) being in arrears in the amount of $440.00 of court-ordered supervision fees; (5) possessing a firearm; (6) failing to provide valid proof of employment; (7) failing to comply with the counseling recommendation of Treatment Accountability for Safer Communities ("TASC"); (8) leaving his county of residence without approval from his probation officer, and incurring pending criminal charges in both Rowan and Wilkes Counties while on probation; and (9) incurring pending criminal charges in several different counties.  The fifth and sixth paragraphs of the

violation report were subsequently stricken by the State at Defendant's probation violation hearing.

On 2 May 2014, Defendant moved to continue his probation violation hearing due to pending charges. On 2 June 2014, the trial court entered an order to continue Defendant's probation violation hearing until 29 August 2014.

A probation violation hearing was held on 29 September 2014 in Gaston County Superior Court. At the hearing, Defendant waived a formal reading of the violation report. Defendant admitted the allegations in the violation report.

Marty Thomas ("Officer Thomas"), Defendant's probation officer, testified as follows:

> The violation report, Your Honor, is that he testified positive and admitted the use of marijuana back on October 13. That he failed to complete his Community Service hours, he's behind in all his monies and he failed to comply with a TASK [sic] recommendation. And *he has a subsequent conviction* of Driving While License Revoked in Rowan County.

(emphasis supplied). Counsel for Defendant did not cross-examine Officer Thomas. Defendant did not offer any evidence on his behalf.

The trial court found Defendant had willfully violated his probation as alleged in paragraphs 1-4 and 7-9 of the violation report. The trial court ordered Defendant's probation revoked, and activated his suspended sentence of 8-10 months imprisonment.

In its written order, the trial court indicated it had revoked Defendant's probation "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a), as set out above." Defendant gave timely notice of appeal to this Court.

## II. Issues

Defendant argues the trial court erred by (1) revoking his probation based on alleged violations not proven or admitted, and other impermissible bases under the Justice Reinvestment Act; and (2) failing to make sufficient findings regarding Defendant's new criminal charges.

## III. Analysis

### A. Standard of Review

> A proceeding to revoke probation [is] often regarded as informal or summary, and the court is not bound by strict rules of evidence. An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt. All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.

*State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (alteration in original)(citations and quotation marks omitted). An abuse of discretion will be found when the trial court's ruling is "manifestly unsupported by reason or is so arbitrary

that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005) (citation and internal quotation marks omitted).

### 1. Probation Revocation Based on the State's Evidence

Defendant argues the trial court abused its discretion by revoking his probation for violations which were impermissible grounds for revocation under the Justice Reinvestment Act. Defendant also argues the trial court erred by revoking his probation based on violations not proven or admitted, and based on pending criminal charges. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-1344(a), the trial court has authority to alter or revoke a defendant's probation. The Justice Reinvestment Act of 2011 ("the JRA") amended this subsection to provide that a trial court may *only* revoke probation if a defendant (1) commits a new criminal offense; (2) absconds by willfully avoiding supervision or by willfully making his whereabouts unknown to the supervising probation officer; or (3) violates a condition of probation after serving two prior periods of confinement ("CRV") in response to violations under N.C. Gen. Stat. § 15A-1344(d2). N.C. Gen. Stat. § 15A-1344(a) (2013). For all other probation violations, the trial court may modify the terms and conditions of probation or impose a ninety-day period of confinement in response to a violation. *Id.*

The burden of proof rests upon the State to show a defendant violated his probation conditions. *State v. Seagraves*, 266 N.C. 112, 113, 145 S.E.2d 327, 329 (1965). The State must present substantial evidence of each probation violation. *State v. Millner*, 240 N.C. 602, 605, 83 S.E.2d 546, 548 (1954).

Generally, a defendant's probation revocation cannot be based solely on a *pending* criminal charge. A trial court's revocation of probation after a defendant incurs new criminal charges requires a conviction or a guilty plea. *State v. Guffey*, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960). However, a trial court may revoke probation for new criminal charges after making its own independent findings based on the evidence before it. *State v. Monroe*, 83 N.C. App. 143, 145-46, 349 S.E.2d 315, 317 (1986) (holding it is inapposite if defendant has been acquitted of or has pending criminal charges where trial judge makes independent findings that defendant has willfully violated condition of probation), *cert. denied*, 322 N.C. 484, 370 S.E.2d 232 (1988); *State v. Debnam*, 23 N.C. App. 478, 480-81, 209 S.E.2d 409, 410-11 (1974) (holding trial judge had authority to revoke defendant's probation based on his independent judgment even though prosecutor had entered *Nolle prosequis* on defendant's criminal charges).

Defendant argues the trial court abused its discretion by revoking his probation based, in part, on alleged violations that were impermissible grounds for revocation under the JRA. Defendant contends the State failed to provide substantial

evidence showing he committed new criminal offenses in violation of his conditions of probation. We disagree.

Defendant admitted to willfully violating the terms and conditions of his probation at the hearing. He also waived a formal presentation of the evidence. The State presented substantial evidence of Defendant's probation violations. Defendant's probation officer testified Defendant was convicted of driving while his license was revoked in Rowan County. This testimony was uncontroverted, and Defendant offered no evidence of lawful excuse or lack of willfulness for violating the conditions of his probation. *See State v. Crouch*, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985) (holding the burden is on defendant to present evidence of inability to comply with terms of probation). Defendant's admission and Officer Thomas' testimony constitute competent evidence from which the trial court could find Defendant violated the terms of his probation by committing a new criminal offense during his probationary period. *State v. Henderson*, 179 N.C. App. 191, 198, 632 S.E.2d 818, 822-23 (2006) ("In light of defendant's clear admission of violations of the conditions of his probation and the probation officer's testimony . . . , competent evidence exists in the record to support revocation of defendant's probation.").

Defendant argues, despite this evidence, the record does not contain information regarding whether the offense was a Class 1 or a Class 3 misdemeanor. *See* N.C. Gen. Stat. § 15A-1344(d) (2013) (probation may not be revoked solely based

on a conviction of a Class 3 misdemeanor). This argument was not a contested issue at the revocation hearing.

The State subsequently obtained a copy of the criminal judgment filed in the Office of the Clerk of Superior Court in Rowan County. This judgment shows Defendant was charged and convicted of a Class 1 misdemeanor during his probationary period. The State filed a motion requesting that this Court take judicial notice of Defendant's criminal judgment. In our discretion, we elect to do so. *State v. Thompson*, 349 N.C. 483, 497, 508 S.E.2d 277, 286 (1998) ("This Court may take judicial notice of the public records of other courts within the state judicial system.").

The State presented sufficient evidence to show Defendant willfully violated the conditions of his probation with a new criminal charge during his probation period. The trial court did not abuse its discretion in revoking Defendant's probation and activating his suspended sentence. This argument is overruled.

## 2. Probation Revocation Based on the Trial Court's Findings

Defendant argues the trial court erred by failing to articulate sufficient findings to support its decision to revoke his probation. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-1345(e), "[b]efore revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to

support the decision and a summary record of the proceedings." N.C. Gen. Stat. § 15A-1345(e) (2013).

"The minimum requirements of due process in a final probation revocation hearing . . . shall include . . . a written judgment by the [trial court] which shall contain (a) findings of fact as to the evidence relied on, [and] (b) reasons for revoking probation." *State v. Williamson*, 61 N.C. App. 531, 533-34, 301 S.E.2d 423, 425 (1983) (citations omitted). Findings noted by the trial court on pre-printed, standard forms are sufficient to comply with the statutory and due process requirements. *Henderson*, 179 N.C. App. at 197, 632 S.E.2d at 822.

Here, the trial court completed a "Judgment and Commitment Upon Revocation of Probation – Felony" form. The trial court checked the appropriate boxes to indicate (1) it had considered the record, together with the evidence presented by the parties; (2) Defendant was charged with having violated specific conditions of his probation as alleged in the violation report; (3) Defendant waived a violation hearing and admitted he violated each of the conditions of his probation, as alleged in the violation report; and (4) the trial court's decision to revoke Defendant's probation was based on his willful violation of the condition that he not commit any criminal offense.

These findings of fact were sufficient to support the trial court's decision to revoke Defendant's probation. *Henderson*, 179 N.C. App. at 197, 632 S.E.2d at 822. Defendant's argument is overruled.

## IV. Conclusion

The trial court's order, which revoked Defendant's probation and activated his suspended sentence, is affirmed.

AFFIRMED.

Judges STEPHENS and HUNTER, JR. concur.

Report per Rule 30(e).