An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-916

Filed 20 August 2025

Watauga County, No. 23CRS437306-940

STATE OF NORTH CAROLINA

v.

LEWIS WOODS, Defendant.

Appeal by defendant from judgment revoking probation entered 19 March 2024 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 10 April 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Meghan Melloy, for the State-appellee.*
>
> *Yoder Law PLLC, by Jason Christopher Yoder, for defendant-appellant.*

GORE, Judge.

This case arises from the trial court's revocation of defendant's probation following a finding that he had willfully absconded from supervision. The issue before this Court is whether the trial court abused its discretion in revoking defendant's probation and activating his suspended sentence.

This Court has jurisdiction pursuant to N.C.G.S. § 7A-27(b), as defendant

appeals from a final judgment revoking probation entered by the superior court.

Because the trial court's decision is supported by competent evidence—including defendant's failure to report to probation after his discharge from a court-ordered treatment program—we conclude the revocation was not an abuse of discretion. Accordingly, we affirm the trial court's judgment.

**I.**

On 6 December 2023, defendant Lewis Archie Woods pleaded guilty to felony fleeing to elude arrest and possession of a stolen motor vehicle in Watauga County Superior Court. The trial court consolidated the charges and imposed a 15–27 month suspended sentence, placing defendant on 30 months of supervised probation with a 12-day active sentence. A condition of probation required defendant to enroll in and complete the FIRST at Blue Ridge recovery program.

After serving his active sentence, defendant was transported to FIRST at Blue Ridge, Buncombe County, on 18 December 2023, but he was discharged four days later for bringing a non-resident onto the property and allowing them to stay overnight in a program vehicle. Despite being required to notify his probation officer of any address change, defendant failed to contact Buncombe or Watauga County probation after discharge. On 17 January 2024, Probation Officer Lawrence of Watauga County filed a violation report, citing defendant's failure to complete the program and failure to notify probation of his whereabouts. After unsuccessful attempts to locate defendant, a second violation report for absconding was filed on 30

January 2024.

At the 19 March 2024 probation violation hearing, the State presented testimony from Officer Lawrence, detailing efforts to locate defendant, and defendant's failure to communicate with probation. Defendant testified he knew his probation had been transferred to Buncombe County, but claimed he did not know where to report after leaving FIRST. The trial court found defendant had willfully absconded by failing to contact probation or make his whereabouts known and revoked his probation, activating the 15–27 month sentence. Defendant appealed.

**II.**

"Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime." *State v. Duncan*, 270 N.C. 241, 245 (1967) (citation omitted). In a probation revocation hearing, the trial court may activate a suspended sentence if reasonably satisfied that the defendant violated a valid condition allowing revocation. When supported by competent evidence, the court's findings and judgment are not subject to appellate review absent a manifest abuse of discretion. *State v. Seagraves*, 266 N.C. 112, 113 (1965); *State v. Guffey*, 253 N.C. 43, 45 (1960).

The State must prove the defendant violated a condition of probation. *Seagraves*, 266 N.C. at 113. Once the State presents competent evidence of noncompliance, the burden shifts to the defendant to show, through competent evidence, an inability to comply. *State v. Mills*, 270 N.C. App. 130, 134 (2020).

Here, the trial court's revocation of defendant's probation was based on

competent evidence, supporting its finding that he had willfully absconded and did not amount to an abuse of discretion.

As a standard condition of supervised probation, a defendant must "not abscond by willfully avoiding supervision" or making their "whereabouts unknown to the supervising probation officer." N.C.G.S. § 15A-1343(b)(3a) (2023). The State presented competent evidence at the revocation hearing tending to show defendant failed to complete the FIRST at Blue Ridge recovery program, a condition of his probation, and did not notify his probation officer of his discharge or provide updated contact information. Probation Officer Lawrence testified that after defendant was discharged on 22 December 2023, defendant made no effort to contact his probation officer in either Buncombe or Watauga County, despite knowing his supervision had been transferred. The State also introduced violation reports dated 17 January and 30 January 2024, detailing defendant's failure to report and subsequent disappearance, despite multiple efforts by probation officers to locate him.

This Court has previously upheld revocations in similar circumstances. In *State v. Mills*, we discerned no abuse of discretion where the defendant failed to provide accurate contact information, made his whereabouts unknown, and actively avoided supervision. 270 N.C. App. at 134. Like the defendant in *Mills*, defendant here had the means to comply with probation but chose not to. He testified he knew his probation was transferred to Buncombe County, had access to transportation and social services, and even sought employment, yet never contacted his probation

officer.

Once the State presented competent evidence of absconding, the burden shifted to defendant to show that he was unable—not merely unwilling—to comply. *Id.* Defendant failed to meet this burden. His contradictory testimony—acknowledging that he knew his probation officer's location while also claiming he did not know where to report—further supports the trial court's credibility determination.

Because the trial court's finding of willful absconding is supported by competent evidence, appellate review is limited. The court's ruling may only be overturned upon a showing of manifest abuse of discretion, which occurs when a decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285 (1988) (citation omitted).

Here, the record demonstrates the trial judge considered sworn testimony, probation violation reports, and defendant's own admissions before reaching a conclusion. The trial court's decision was based on reasonable inferences drawn from the evidence and thus does not constitute an abuse of discretion.

### III.

The trial court's revocation of defendant's probation was supported by competent evidence and does not constitute an abuse of discretion. Defendant willfully absconded by failing to maintain contact with probation despite knowing his supervision had been transferred. As the trial court's ruling was based on competent

evidence and a reasoned decision, we affirm the revocation of defendant's probation.

AFFIRMED.

Chief Judge DILLON and Judge TYSON concur.

Report per Rule 30(e).